## *In re* BOARDMAN, Applicant on behalf of Durrant.

### ORIGINAL.

No number.    Presented and denied, January 7, 1898.

Application for leave to file a petition for a writ of *habeas corpus* will be denied if it be apparent that the only result, if the writ were issued, would be the remanding of the petitioner.

The action of a Circuit Court in refusing an appeal from a final order dismissing a petition for *habeas corpus* and denying the writ cannot be revised by this court on *habeas corpus*.

The fact that, when an appeal from a final order of a Circuit Court, denying a writ of *habeas corpus* and dismissing the petition therefor of a person confined under state authority, has been prosecuted to this court and the order affirmed, the state court proceeds to direct sentence of death to be enforced before the issue of the mandate from this court, does not justify the interposition of this court by the writ of *habeas corpus*.

Where the statutes of a State provide that execution under a sentence of death shall not be stayed by an appeal to the highest tribunal of the State unless a certificate of probable cause be granted as provided, and such certificate has been refused, and application for supersedeas denied, this court cannot interfere on *habeas corpus* on the ground, if Federal questions were raised on such appeal, that thereby the party condemned is deprived of the privilege or immunity of suing out a writ of error from this court.

THE case is stated in the opinion.

*Mr. Louis P. Boardman* in person for petitioner.

No one opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Application was made on behalf of Durrant, held in custody by the warden of the State's prison at San Quentin, California, for execution to-day, under sentence of death, for leave to file a petition for the writ of *habeas corpus*.

The petition in support of general allegations that Durrant was confined under proceedings in contravention of the Constitution and laws of the United States, set forth, *in hæc verba*, two petitions for the writ presented on Durrant's behalf to the Circuit Court of the United States for the Ninth Circuit and Northern District of California, on November 11 and December 31, 1897, respectively; and the action of that court in respect thereof.

The averments of these petitions must be considered in the light of sections 1227 and 1243 of the Penal Code of California, which read as follows:

"§ 1227. If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction is had, on the application of the district attorney of the county in which the conviction is had, must order the defendant to be brought before it, or if he is at large, a warrant for apprehension may be issued. Upon the defendant being brought before the court, it must inquire into the facts, and if no legal reasons exist against the execution of the judgment, must make an order that the warden of the state prison to whom the sheriff is directed to deliver the defendant shall execute the judgment at a specified time. The warden must execute the judgment accordingly."

"§ 1243. An appeal to the Supreme Court from a judgment of conviction, stays the execution of the judgment in all capital cases, and in all other cases upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of a justice of the Supreme Court,

that, in his opinion, there is probable cause for the appeal, but not otherwise."

It was alleged in the petition of November 11, that, theretofore, Durrant had been found guilty of murder in the first degree in the Superior Court of the city and county of San Francisco; that judgment had been rendered on the verdict, and he had been sentenced to death; that an appeal had been taken from that judgment to the Supreme Court of California, and the judgment affirmed.   See 48 Pac. Rep. 75.

That on April 10, 1897, the Superior Court rendered a second judgment against Durrant, from which he took an appeal to the state Supreme Court, raising Federal questions thereon, and that that appeal was still pending and undetermined.

That on June 2, 1897, application had been made by Durrant to said Circuit Court of the United States for a writ of *habeas corpus*, which application was denied, and from that order an appeal was duly taken and perfected to the Supreme Court of the United States, but that no mandate showing the determination of that appeal had been filed in the Circuit Court, yet, nevertheless, judgment was entered by the Superior Court, November 10, sentencing Durrant to be executed Friday, November 12, though that court was without authentic or official information that said appeal had been considered or determined in the Supreme Court of the United States. Hence it was charged that the judgment of the Superior Court of November 10 was null and void; and also because of the pendency of the appeal from the alleged judgment of April 10, 1897.

It was further averred that the Circuit Court on the eleventh of November denied the writ and dismissed the petition; that from this order petitioner prayed an appeal, presenting a notice of appeal, assignment of errors, citation and bond for costs; and that the Circuit Court refused to allow an appeal, or to permit the papers to be filed, and neither of its judges would approve the bond, nor sign the citation.

The petition of December 31 reiterated in substance the allegations of the previous application, and insisted that by

reason thereof an appeal from the final order of the Circuit Court of November 11 was actually pending in the Supreme Court of the United States, and suspended further proceedings against Durrant, but that, nevertheless, the Superior Court on December 15, 1897, though without authority and contrary to the Constitution and laws of the United States, entered an order directing the execution of Durrant on January 7, 1898; that from this order Durrant had prosecuted an appeal to the Supreme Court of California, which was still pending and undetermined; and that the judge of the Superior Court and the justices of the Supreme Court had refused to grant a certificate of probable cause, so that the proceedings below were not stayed by said appeal.

That Federal questions had been raised before the Superior Court and that the disposition thereof was brought under review by the appeal to the Supreme Court, and that if the order of December 15 were carried into effect, petitioner would be deprived of the right to prosecute a writ of error from the Supreme Court of the United States to the final judgment of the Supreme Court of California in respect of such Federal questions; as was true also of the appeal from the judgment of April 10, 1897.

Some other matters were put forward in the petitions, but these were not insisted on at the bar, and were so evidently destitute of merit as to require no observations.

The contention here practically rested on these grounds:

First. That the judgment of the Superior Court on the tenth of November was void because the mandate of this court on the appeal from the final order of the Circuit Court of June 2 had not been sent down; and that although the Circuit Court denied an appeal from its final order refusing the writ and dismissing the petition of November 11, still the appeal should be regarded as duly perfected, and that for that reason, or because the Circuit Court could not arbitrarily defeat such appeal, petitioner was entitled through the interposition of this court by the issue of the writ applied for to be placed in the same position as if the appeal had been granted.

Second. That as the appeals from the judgments of April

10 and of December 15 involved Federal questions and were still pending in the state Supreme Court, the execution of the sentence in accordance with the state statutes would deprive petitioner of the right, privilege and immunity of suing out writs of error from this court to revise the final judgments of that court when entered on those appeals.

The rule was laid down in *Spies* v. *Illinois*, 123 U. S. 131, that when application is made to this court for the allowance of a writ of error to the highest court of a State, the writ will not be allowed if it appear from the face of the record that the decision of the Federal question which is complained of was so clearly right as not to require argument. And the same rule governs an application to us for the writ of *habeas corpus*, which must be denied, if it be apparent that the only result, if the writ were issued, would be the remanding of the petitioner to custody, for the object of the writ is to ascertain whether the prisoner applying for it can legally be detained, and it is the duty of the court, justice or judge, granting the writ, on hearing, " to dispose of the party as law and justice may require." Rev. Stat. § 761; *Iasigi* v. *Van De Carr*, 166 U. S. 391; *Ekiu* v. *United States*, 142 U. S. 651.

The action of the Circuit Court in refusing to grant the appeal from its final order of the 11th of November, on the petition then presented, and in declining to entertain the petition of December 31, cannot be revised on this application, and the inquiry really is whether these petitions furnish any ground for the conclusion that if the writ were granted the prisoner's detention would be found illegal.

As it appears on the face of the record that the judgment of November 10 was superseded and that petitioner is held for execution under the judgment of December 15, it manifestly follows that we could not enlarge the prisoner as unlawfully detained on the ground that if the Circuit Court had allowed an appeal from its final order of November 11, further proceedings below would have been stayed until that appeal was disposed of.

Nor could we hold that that final order was erroneous because the judgment of November 10 was entered in the

absence of our mandate on the affirmance of the final order of the Circuit Court of June 2, 1897. The judgment of this court affirming that order was rendered, as we know from our own records, November 8 (see 168 U. S. 705), and we have decided that if the state court after judgment here proceeds before our mandate issues, its action, though not to be commended, is not void. *In re Shibuya Jugiro,* 140 U. S. 291.

In this instance the state trial court did so proceed, but, in the due and orderly administration of justice, its judgment was superseded by the Supreme Court of the State, which, it is proper to note, granted the certificate of probable cause on the principal ground that the lower court could not exercise jurisdiction to fix a day for the execution of sentence against defendant, in the absence of authentic and official evidence of the disposal of the appeal to this court. *People* v. *Durrant,* 50 Pac. Rep. 1070.

In respect of the alleged abridgment of petitioner's privilege or immunity to sue out writs of error from this court to revise the final judgments of the state Supreme Court on appeals therein pending, and particularly the appeal from the judgment of the Superior Court of December 15, which, it was argued, raised Federal questions, it is sufficient to say that it was for the trial judge or the Supreme Court of California to determine whether or not the judgments complained of should be stayed or superseded, and with such determination it is not our province through this writ to interfere, nor do the statutory provisions in that behalf, in themselves, involve any infraction of the Constitution or laws of the United States. *Kohl* v. *Lehlback,* 160 U. S. 293; *Bergemann* v. *Backer,* 157 U. S. 655; *Andrews* v. *Swartz,* 156 U. S. 272.

All the averments in the papers, as well as a petition for a writ of error, which had been previously presented to some of our number and denied, as was admitted, and the suggestions urged at the bar, have been duly considered, with the result that the court is unanimously of opinion that if the writ should be awarded, it would be its duty on the return thereto to remand the petitioner. The application is, therefore,

*Denied.*