## Y. SOGA, Y. TASAKA, M. NEGORO AND F. K. MA-KINO *v.* WILLIAM P. JARRETT.

PETITION FOR WRIT OF HABEAS CORPUS.

ARGUED MARCH 24, 1910.                    DECIDED MARCH 29, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

HABEAS CORPUS—*Denial of writ.*

The writ of habeas corpus to obtain release from imprisonment under sentence imposed by the judgment of a circuit court on the claim by the petitioners that the court had no jurisdiction and that the judgment was void is denied since the claim based on the same grounds has been presented on exceptions which were overruled and is therefore finally adjudicated by this court and the result of issuing the writ would be to remand the prisoners.

OPINION OF THE COURT BY HARTWELL, C. J.

The petitioners applied for a writ of habeas corpus to obtain release from imprisonment imposed by a judgment of the circuit court of the first circuit in which they were tried upon the complaint of the high sheriff charging them with conspiracy and convicted of conspiracy in the third degree, the verdict being rendered by only eleven jurors the defendants consenting to the withdrawal of one juror during the trial. They moved in arrest of judgment on the same grounds upon which the petition for a writ of habeas corpus is based, excepting to the denial of the motion. The exception was allowed and in-

cluded in their bill of exceptions brought here from the circuit court, which after elaborate argument and full consideration were overruled. It was solely upon these grounds, all of which are set forth in the opinion of the court (20 Haw. 71), their substance being that the defendants were held under a complaint of the high sheriff and not under an indictment, that a juror was withdrawn by consent and that evidence claimed to be irrelevant was allowed, that the petitioners claim, as they did in their bill of exceptions, that the judgment of the circuit court was void. The attorney for the petitioners, who represented them at the trial and at the hearing on the exceptions, says that this court gave full consideration to these matters and that he could hardly ask to reargue them but he desires the writ to issue in order that the petitioners upon being remanded may appeal to the United States supreme court. *In re Nielsen,* 131 U. S. 176, is cited as authority for discharging a prisoner from custody on habeas corpus if the judgment under which he is held is void. Such undoubtedly is the law upon the subject. But the difficulty of discharging the petitioners from custody on this ground is that by a final adjudication we held that they were legally tried, convicted and sentenced, and that no new matter is stated and no argument or reason is suggested for holding otherwise.

Under Sec. 2054 R. L. the petitioners are not "entitled as of right to demand and prosecute the said writ," and by Sec. 2055 R. L. the issuing of the writ is discretionary with the court. Under Sec. 755 U. S. Rev. St. the writ issues "unless it appears from the petition itself that the party is not entitled thereto," and "need not therefore be awarded if it appear upon the showing made by the petitioner that if brought into court and the cause of his commitment inquired into he would be remanded to prison." *Ex parte Terry,* 128 U. S. 301. This court "has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had there-

in by one of the parties to the proceedings now before it."
*Dimmick* v. *Tompkins,* 194 U. S. 540, 548; and see *In re
Boardman,* 169 U. S. 39, 44.

The writ must therefore be denied and it is so ordered.

*J. Lightfoot* for petitioners.

*Alexander Lindsay, Jr., Attorney General, E. W. Sutton,
Deputy Attorney General, and M. F. Prosser* for respondent.