### HORN v. MITCHELL, U. S. Marshal.

(District Court, D. Massachusetts. May 11, 1915.)

No. 1254.

1. HABEAS CORPUS ⬦⟹45—PETITION—DEMURRER.

    Whether or not a formal demurrer will lie to a petition for a writ of habeas corpus, Rev. St. § 755 (Comp. St. 1913, § 1283), requires a federal court to refuse to issue the writ, if it appears from the petition itself that the petitioner is not entitled thereto.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. ⬦⟹45.]

2. HABEAS CORPUS ⬦⟹54—JURISDICTION OF FEDERAL COURTS—PRISONERS IN JAIL—SUBJECTS OF FOREIGN STATE—LAW OF NATIONS.

    Under the provision of Rev. St. § 753 (Comp. St. 1913, § 1281), that "the writ of habeas corpus shall in no case extend to a prisoner in jail, unless where he, * * * being a subject or citizen of a foreign state, and domiciled therein, is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order, or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations," a petition which does not show the domicile of petitioner does not bring him within the statute, nor do allegations that he is a lieutenant in the army of a foreign nation, of which he is a subject, and committed the acts charged to be violations of the criminal law of the United States, and for

which he is held for trial, in connection with, and as a necessary part of, an attack upon the territory of a county with which his nation is at war, without alleging that such acts were authorized or commanded by his government, present any question dependent on the law of nations.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. ☞54.]

3. HABEAS CORPUS ☞92—PROCEEDINGS—SCOPE OF INQUIRY.

Where an order is made by a judicial officer of one federal district, having authority to act, for the removal of a person arrested in that district to another, where he is charged with crime, and the order is regular on its face and was based on proceedings of which the court had jurisdiction, it will not be reviewed by the court in the latter district in habeas corpus proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–96; Dec. Dig. ☞92.]

Petition by Werner Horn against John J. Mitchell, United States Marshal for the District of Massachusetts, for writ of habeas corpus. On demurrer to petition. Petition dismissed.

Joseph F. O'Connell, Daniel T. O'Connell, and James E. O'Connell, all of Boston, Mass., for petitioner.

George W. Anderson, U. S. Atty., and Leo A. Rogers, Asst. U. S. Atty., for respondent.

MORTON, District Judge. This is a petition for habeas corpus, brought against the United States marshal for this district. An order of notice issued to show cause why the writ should not issue. The respondent has demurred in writing, assigning various causes which amount to a general demurrer.

[1] A preliminary question is whether a demurrer lies to a petition for habeas corpus. It is contended by the petitioner that it does not, and that the court should not consider such cases, except upon the actual facts as established at a hearing. This petition is unusually full and explicit. I see no reason to doubt that it sets forth accurately and completely the substantial facts upon which the petitioner relies. No request to amend it has been made on his behalf; and it has not been suggested that any further material facts would or might be developed upon a hearing. It may be assumed, as was done in Frank's Case, infra, that the petition states all facts helpful to the prisoner. I greatly doubt whether a formal demurrer is necessary or proper in a case heard upon a petition and an order to show cause why the writ should not issue. In view of Revised Statutes, § 755, it is, I think, sufficient if the respondent orally demurs, or, what amounts to the same thing, suggests to the court that the petition does not state a case entitling the petitioner to the writ. This was, apparently, the course followed in Leo M. Frank's Case, 237 U. S. 309, 35 Sup. Ct. 582, 59 L. Ed. —— (U. S. Supreme Court, April 19, 1915), and is the general practice in the Supreme Judicial Court of Massachusetts. "Under section 755, Revised Statutes, it was the duty of the court to refuse the writ if it appeared from the petition itself that the appellant was not entitled to it." Pitney, J., Frank's Case, supra. To the same effect, aside from

any statute, was the opinion of Shaw, C. J., in Sim's Case, 7 Cush. (Mass.) 285, 293. See, too, In re Boardman, 169 U. S. 39, 18 Sup. Ct. 291, 42 L. Ed. 653, and Ex parte Baez, 177 U. S. 378, 20 Sup. Ct. 673, 44 L. Ed. 813. I therefore proceed to consider whether upon the facts stated in the petition sufficient cause appears for granting the writ.

Two principal contentions are made by the petitioner: First, that he is not subject to prosecution on the indictment which has been found against him in this district, because he is an officer of the German army and committed the acts alleged to be violations of our criminal law in connection with an attack upon British territory; second, that the removal proceedings under which the petitioner was taken from the district of Maine, where he was first arrested, into this district, were illegal and in violation of his rights.

[2] As to the first: It appears from the petition that the petitioner is now confined under an order of this court directing that he furnish bail to answer to said indictment, and that, in default thereof, he stand committed. No formal defect or irregularity affecting this order is alleged. The indictment charges that the petitioner illegally transported explosives interstate from New York to Boston, and from Boston to Vanceboro. The petition alleges that this transportation was "necessarily connected with and part of the aforesaid destruction of the bridge [near Vanceboro in British territory] in the possession of the British government." The issues involved in a criminal prosecution cannot, generally speaking, be anticipated and tried out upon a petition for habeas corpus. All questions raised by the petitioner on this branch of this petition are open to him in the criminal case and can be determined in connection therewith. Apart from statute, therefore, the petitioner's first contention is plainly unfounded. A similar question arose in People v. McLeod, 25 Wend. (N. Y.) 483, 568, 37 Am. Dec. 328, and it was there held that the writ ought not to issue before the indictment had been tried. While some portions of the opinion in that case have been much criticised, it has not, so far as I am aware, been seriously doubted upon this point.

The petitioner contends however, that under Revised Statutes, section 753, passed since the McLeod Case, he is, of right, entitled to have the question of his immunity from prosecution on account of his alleged connection with the German army determined upon habeas corpus proceedings. That section reads as follows:

"The writ of habeas corpus shall in no case extend to a prisoner in jail, unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the Constitution or of a law or treaty of the United States; or, being a subject or citizen of a foreign state, and domiciled therein, is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order, or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations; or unless it is necessary to bring the prisoner into court to testify."

The part of this section relating to subjects and citizens of foreign states was passed because of the McLeod Case, and was designed to

give jurisdiction of such matters to the federal courts. It does not seem to me that it gives to such subjects or citizens more absolute rights to habeas corpus than belong to the other classes of prisoners specified therein.

Assuming, however, that the statute should be given the construction contended for by the petitioner, it is to be considered whether he has brought himself within its provisions. It appears by the petition that he is a subject of a foreign state, and that he is in custody for an act which he alleges was done under right, authority, protection, or exemption claimed under the commission of a foreign state. This is not sufficient to bring the case within the statute referred to. In order to do so, it must further appear that the petitioner's domicile was in the foreign state, and that the validity and effect of the right, authority, protection or exemption claimed under the foreign commission "depend upon the law of nations." The petition contains no allegation as to the petitioner's domicile, and on that account alone is plainly insufficient under the statute. For aught that appears, the petitioner may have been a German officer domiciled in the United States. While the petition alleges that the petitioner is an officer in the German army and that he did the acts, charged as criminal, as a necessary part of an attack upon the territory of Great Britain, with which his country is at war, it nowhere states that the acts in question were authorized or commanded by the foreign state whose commission he holds, or that it has avowed responsibility therefor. In the absence of such authorization and avowal, I do not think that the prisoner can invoke the law of nations or his foreign commission in his defense. See letter of Mr. Webster, Secretary of State, to Mr. Fox, April 24, 1841, 26 Wend. (N. Y.) 682.

It is urged that an act done by a German officer, in the United States, in furtherance of an attack upon British territory, is presumed to have been done with the authority and under the command of his government. But I do not think that this contention can be supported. A lieutenant in the German army has presumptively no authority to act for his government in a foreign country and to bind it by what he does there.

It follows that the petition does not, on this branch of the case, state facts requiring the issue of the writ.

[3] As to the petitioner's second contention: From the allegations in the petition, it is clear that all formalities required by law in connection with the order of removal were observed. What the petitioner complains of is, therefore, not that there is a defect in the removal proceedings apparent upon the record, but that the judicial officers of the United States in the district of Maine, in the removal and attempted habeas corpus proceedings there, erroneously and illegally deprived him of rights to which he was entitled. It is not the business of this court to revise or correct judicial proceedings in the district of Maine. It has no power to do so. Where an order of removal is made by a judicial officer in another district having power to act in such matters, and appears upon its face to be regular, and is based upon an indictment properly returned and appearing upon its face to charge a crime within the jurisdiction of the grand jury returning it, this court ought not to

undertake to go behind the order of removal, nor to examine the con, duct and alleged mistakes in reference thereto of the judicial officer by whom it was made. United States v. Shepard, 1 Abb. U. S. 431, 433, Fed. Cas. No. 16,273.

Upon the facts stated in the petition, the writ of habeas corpus ought not to issue.

Petition dismissed.