## SCHRAMM v. BRADY, Warden.
### No. 4961.

Circuit Court of Appeals, Fourth Circuit.

June 30, 1942.

J. Y. Jordan, Jr., of Asheville, N. C., for appellant.

William C. Walsh, Atty. Gen. (Robert E. Clapp, Jr., Asst. Atty. Gen., and J. Bernard Wells, State's Atty., and Morton E. Rome, Asst. State's Atty., both of Baltimore, Md., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from a refusal to discharge on habeas corpus a person imprisoned under the judgment of a state court on a conviction of robbery. The state court duly appointed counsel for the prisoner. Jury trial was waived and the prisoner was convicted of the crime charged, by the judge sitting as a jury. There is nothing in the contention that the prisoner was denied any rights under the Constitution of the United States because he was not tried by a jury, which he had waived in accordance with state practice. Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597. Nor can the writ of habeas corpus be used to review alleged error of the state court in admitting evidence of a confession, for habeas corpus cannot be used as a writ of error. Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274, 46 L.R.A.,N.S., 397; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147. There is no basis in the record before us for any contention that the confession was obtained through force or threats or inducement of the law enforcement officers of the state, and consequently nothing upon which a finding that there was a denial of due process could be grounded. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. ——. The order appealed from will be affirmed.

Affirmed.