**CURRAN v. SHUTTLEWORTH, Warden.**

No. 11024.

United States Court of Appeals,
Sixth Circuit.

March 27, 1950.

James C. Andrews, Jr., Cincinnati, Ohio (Clarence W. Curran, Milan, Michigan, James C. Andrews, Jr., Cincinnati, Ohio, on brief), for appellant.

Vincent Fordell, Detroit, Michigan (Edward T. Kane, and Vincent Fordell, Detroit, Michigan, on brief), for appellee.

Before HICKS, Chief Judge and SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was convicted of violation of § 2554(a), 26 U.S.C. [26 U.S.C.A. § 2554 (a)] and was sentenced by the District Court of the Southern District of New York to serve four years in the penitentiary. He filed a petition for writ of habeas corpus in the District Court of the Eastern District of Michigan, which was refused under the provisions of § 2255, 28 U.S.C. [28 U.S.C.A. § 2255], for the reason that the applicant had failed to ask for relief by motion to the court which sentenced him.

Appellant claims that no warrant for his arrest was secured, as required by the Federal Rules of Criminal Procedure, 18 U.S. C.A. He urges that a fatal defect in the proceedings exists because at the arraignment before the commissioner he was charged with the sale of two grains of morphine, whereas in the indictment he was charged with the sale of two grains of heroin. His principal contention is

that his constitutional rights were violated at the trial by the failure of the Government to produce the informer who, as testified by the agents of the United States Bureau of Narcotics, in their presence received from the appellant a packet containing narcotics, and later delivered it to the agents.

 The judgment of the District Court clearly is correct and must be affirmed. The petition fails to show that appellant complied with the requirements of § 2255, 28 U.S.C., 28 U.S.C.A. § 2255. Also the errors complained of can not be reviewed by writ of habeas corpus, which can not be used as a substitute for writ of error, Schramm v. Brady, 4 Cir., 129 F.2d 108, or appeal, Leonard v. Hudspeth, Warden, 10 Cir., 112 F.2d 121. The defects in procedure in the arrest are not ground for discharge under habeas corpus, where there is sufficient ground for detention, Stallings v. Splain, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940, such as indictment by the grand jury. Hall v. Johnston, 9 Cir., 86 F.2d 820. Error with respect to the admission of testimony or the sufficiency of evidence can not be raised by habeas corpus proceedings. McMicking v. Schields, 238 U.S. 99, 35 S.Ct. 665, 59 L.Ed. 1220; Wright v. Brady, 4 Cir., 129 F.2d 109. Cf. Birtch v. Hunter, Warden, 10 Cir., 158 F.2d 134, certiorari denied, 331 U.S. 825, 67 S.Ct. 1314, 91 L.Ed. 1841.

 The fact that appellant in the warrant was charged with the sale of morphine and in the indictment with the sale of heroin, which is a derivative of morphine, is immaterial. The indictment is based upon evidence heard by the grand jury, which body is in no way bound by the terms of the charge made in a prior proceeding. Since the detention is based upon the proceedings growing out of the indictment, namely, the trial and conviction, the variance objected to can not be attacked in a habeas corpus proceeding. No question raised reached the jurisdiction of the District Court. Also it was not error for the District Court to dispose of the matter without the personal presence of the appellant, for the application shows on its face that the relief sought could not be granted. Section 2243, 28 U.S.C., 28 U.S.C.A. § 2243; Meeks v. Kaiser, Warden, 8 Cir., 125 F.2d 826; In re Boardman, 169 U.S. 39, 18 S.Ct. 291, 42 L.Ed. 653.

Judgment affirmed.