## WILLIAMS v. STEELE.
### No. 14427.

United States Court of Appeals
Eighth Circuit.

Feb. 5, 1952.

Rehearing Denied March 10, 1952.

See 194 F.2d 917.

H. Jackson Daniel, Jefferson City, Mo. (Salkey & Jones, St. Louis, Mo., on the brief), for appellant.

William Aull, III, Asst. U. S. Atty., Lexington, Mo. (Sam M. Wear, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment dismissing appellant's petition for a writ of habeas corpus. The appellant is a prisoner in the United States Medical Center, Springfield, Missouri, of which the appellee is Warden. The court dismissed the petition on the ground that appellant having set forth facts therein which indicate that he is lawfully held in custody, although believing that he has been mistreated by the prison authorities, the court is without jurisdiction to interfere.

If the court's reason for dismissing the petition is correct, the judgment must be affirmed. Ex parte Quirin v. Cox, Provost Marshall, 317 U.S. 1, 24, 63 S.Ct. 2, 87 L. Ed. 3; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

The court's judgment is based upon 18 U. S.C.A. § 4042, which provides that

"The Bureau of Prisons, under the direction of the Attorney General, shall—

"(1) have charge of the management and regulation of all Federal penal and correctional institutions;

"(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

"(3) provide for the *protection,* instruction, and *discipline* of all persons charged with or convicted of offenses against the United States." (Emphasis supplied.)

The question presented is whether the foregoing statute entrusting the supervision of discipline in federal prisons to the Bureau of Prisons under the direction of the Attorney General is exclusive or whether the federal courts in habeas corpus proceedings may interfere therein and give directions to the Warden.

Although represented in this court by able counsel, the appellant himself prepared his petition for writ of habeas corpus in the district court. In his petition he averred that on the 19th of March, 1946, an indictment was returned against him in the District of Oregon, charging him with violation of 18 U.S.C. §§ 1111 and 1151; that on the 10th of May, 1946, he was found guilty as charged and that on the 7th day of June, 1946, he was sentenced to "natural life imprisonment" and placed in custody of the Attorney General or his authorized representative; that on the 20th of June, 1946, he was placed in the custody of the Warden of the United States Penitentiary at McNeil, Island, Washington; and that on the first day of June, 1949, due to his ill health, he was transferred to the United States Medical Center at Springfield, Missouri, in custody of the appellee.

He further avers that, in violation of his rights as a citizen of the United States, he has been deprived specifically of his rights under the 8th and 14th Amendments to the Constitution, in that he has been subjected to unwarranted and illegal restraints upon his liberty and to unauthorized and harsh discipline. He alleges that on February 26, 1950, he was "taken to isolation for a period of seventeen days' confinement"; that on March 8th he was subjected to the

"first series of 'excruciatings'"; that he subsequently protested to the Associate Warden but to no avail; that on the same day that he made his complaint he was again placed in a barren cell for a period of almost three months and that without reason or explanation he has twice since been locked in a barren cell for long periods of time. He avers that during one period of solitary confinement he received a severe burn on his left arm due to the "excruciatings" by persons to him unknown; and that "during the period of confinement the 'excruciatings' became so unbearable that this petitioner voiced his grievance to the officials on numerous occasions without consequence." No explanation of the punishment described as "excruciatings" is given.

The appellant in his petition does not specifically demand that he be released from prison. He prays "that there will issue off from and under the Hand and Seal of this Court, an order Commanding the respondent to have the body of the Petitioner before the Honorable Court at a Time and Place therein Specified to do and receive what shall then and there be considered by this Court concerning Him, together with the time and cause of His detention, and said Writ, and that your Petitioner may be restored to His rightful Protection, as law and Justice requires and demands."

And in the body of his petition under the heading "Argument", he says: "28 U.S.C. Section 2243 authorizes the Court in Habeas Corpus proceedings to dispose of the Party 'as Law and Justice requires.' The Judge is not limited to a simple remand or discharge of the Prisoner, but he may remand with directions that the Prisoner's retained civil rights be respected, or the Court may order the Prisoner Placed in the custody of the Attorney General of the U. S. for transfer to some other institution."

The implication is that he would be satisfied with such disposal of his petition.

To sustain his contention that the averments of his petition were sufficient to confer jurisdiction upon the court the appellant relies upon Coffin v. Reichard, 6 Cir., 143 F.2d 443, 445, 155 A.L.R. 143. That case does in fact support his argument. In that

case the petitioner was confined in the United States Public Health Service Hospital at Lexington, Kentucky, in the custody of the Warden, having been duly convicted and sentenced. While so confined his petition alleged that he suffered bodily harm and injuries and was subject to assaults, cruelties, and indignities from the guards and his co-inmates. The trial court denied his right to file his petition for writ of habeas corpus on the ground that there was no showing that he was entitled to the writ. The court of appeals reversed, saying: "28 U.S.C.A. § 461 authorizes the court in habeas corpus proceedings to dispose of the party 'as law and justice require.' The judge is not limited to a simple remand or discharge of the prisoner, but he may remand with directions that the prisoner's retained civil rights be respected, or the court may order the prisoner placed in the custody of the Attorney General of the United States for transfer to some other institution."

No other case is cited to support this decision, and we have found none. Authority for such an order is not found (as asserted) in cases like In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, where the sentencing court exceeded its jurisdiction by ordering the convicted defendant to be confined in a penitentiary where the law did not allow the court to send him, and the Supreme Court held that there was no good reason why jurisdiction of the prisoner should not be resumed by the court that imposed the sentence in order to cure the defect.

The reasoning of the court in Johnson v. Dye, 3 Cir., 175 F.2d 250, would support the theory of the appellant in this case, but that case was reversed by the Supreme Court, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530. The ground on which the reversal is based is not entirely clear, and it is not cited as an authority by the appellant. See discussion of the case in Davis v. O'Connell, 8 Cir., 185 F.2d 513.

The controlling authorities including the decisions of the Supreme Court and of this court support the judgment complained of.

In Eagles v. U. S. ex rel. Samuels, 329 U. S. 304, 315, 67 S.Ct. 313, 319, 91 L.Ed. 308, the Court say: "The function of habeas corpus is not to correct a practice but only to ascertain whether the procedure complained of has resulted in an unlawful detention." In Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 2, 9, 87 L.Ed. 3, it is said that the court "may without issuing the writ consider and determine whether the facts alleged by the petition, if proved, would warrant discharge of the prisoner." In McNally v. Hill, Warden, 293 U.S. 131, 136, 55 S.Ct. 24, 26, 79 L.Ed. 238, et seq., the Court, discussing the application of the statute in federal courts, say: "The purpose of the proceeding [habeas corpus] defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail".

Since the prison system of the United States is entrusted to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C.A. § 4042, supra, the courts have no power to supervise the discipline of the prisoners nor to interfere with their discipline, but only on habeas corpus to deliver from prison those who are illegally detained. In re Medley, Petitioner, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835; In re Boardman, 169 U.S. 39, 43, 18 S.Ct. 291, 42 L.Ed. 653; McNally v. Hill, Warden, supra; Estabrook v. King, 8 Cir., 119 F.2d 607; Meeks v. Kaiser, 8 Cir., 125 F.2d 826, 828; Garcia v. Steele, Warden, 8 Cir., 193 F.2d 276; Platek v. Aderhold, 5 Cir., 73 F.2d 173; Sarshik v. Sanford, 5 Cir., 142 F.2d 676; Kemmerer v. Benson, 6 Cir., 165 F.2d 702; Snow v. Roche, 9 Cir., 143 F.2d 718; Numer v. Miller, 9 Cir., 165 F.2d 986; Taylor v. United States, 9 Cir., 179 F.2d 640; Shepherd v. Hunter, Warden, 10 Cir., 163 F.2d 872; Powell v. Hunter, Warden, 10 Cir., 172 F.2d 330; Dayton v. Hunter, Warden, 10 Cir., 176 F. 2d 108; Sturm v. McGrath, 10 Cir., 177 F.2d 472.

The judgment appealed from is correct. It is accordingly

Affirmed.