James W. BALLENTINE, Appellant,

v.

MEDICAL OFFICER IN CHARGE, U. S. PUBLIC HEALTH SERVICE HOSPITAL, LEXINGTON, KENTUCKY, Appellee.

No. 13485.

United States Court of Appeals
Sixth Circuit.

June 2, 1958.

No attorney for appellant.

Henry J. Cook, U. S. Atty., Marvin D. Jones, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

James W. Ballentine appeals from an order of the District Court dismissing his petition for a writ of habeas corpus. He had been convicted in the United States District Court for the Southern District of New York of violation of the narcotics law relating to heroin, and had been sentenced to a term of five years on two counts, the sentences to run concurrently. He was first confined to the United States Public Health Service Hospital at Lexington, Kentucky, and is now at the United States Correctional Institution at Milan, Michigan, pursuant to the sentence. Appellant claims that the sentence was unconstitutional because under the statute, Title 26 U.S.C.A. § 7237(d), he is not eligible for probation or parole. The United States District Court for the Eastern District of Kentucky, on the hearing of the petition, received appellant's testimony in open court, from which it appeared that although he has two pending appeals on the same conviction in the United States Court of Appeals for the Second Circuit, he has never asked the sentencing court for relief based upon the grounds set forth in his petition for the writ of habeas corpus.

The District Court, in denying appellant's petition for the writ of habeas corpus, filed findings of fact, reciting that the petition for the writ failed to allege or show that appellant had applied to the sentencing court for relief; that it failed to allege or show any facts indicating that the remedy by motion under Title 28 U.S.C.A. § 2255 was, or would be, inadequate or ineffective to test the legality of his detention; and that it appeared from appellant's testimony that he had not at any time prior to his petition for the writ filed an application for relief by motion to vacate, set aside, or correct the sentence imposed upon him, based upon the grounds set forth in his petition. In its conclusions of law, the District Court held that it was without jurisdiction to entertain the petition because of failure of appellant to allege therein that he had applied for relief by motion to the sentencing court; and that he had failed to show that the remedy by motion to the sentencing court was inadequate or ineffective to test the legality of his detention. The District Court, moreover, on consideration of the sufficiency of the petition, held that the facts stated therein were insufficient to show that he had been deprived of any constitutional right, or that the judgment finding him guilty and the sentence imposed pursuant thereto were vulnerable to collateral attack; and that appellant was not entitled to the relief sought.

"The judgment of the District Court clearly is correct and must be affirmed. The petition fails to show that appellant complied with the requirements of § 2255, 28 U.S.C., 28 U.S.C.A., § 2255." Curran v. Shuttleworth, 6 Cir., 180 F.2d 780, 781. See also Wheatley v. Hunter, 10 Cir., 192 F.2d 376; Duquesne v. Steele, 8 Cir., 197 F.2d 56; Rice v. Clemmer, 4 Cir., 242 F.2d 870. There was no showing by appellant that he had been deprived of any constitutional right. The judgment of the District Court is affirmed.