292 F.2d 265
 Robert Bolling HASKINS, Appellant,
v.
UNITED STATES of America, United States Department of
Justice, Federal Bureau of Prisons and Agents, Mr. E. R.
Goodwyn, Warden, Federal Reformatory, Petersburg, Va., Mr.
J. C. Ashcraft, Acting Captain, Federal Reformatory,
Petersburg, Va., and Mr. McLaughlin, Guard, Federal
Reformatory, Petersburg, Va., Appellees.
 No. 8342.
 United States Court of Appeals Fourth Circuit.
 Argued June 12, 1961.
Decided June 13, 1961.
 
 Robert Bolling Haskins on brief for appellant.
 Cary L. Branch, Asst. U.S. Atty., Richmond, Va. (Joseph S. Bambacus, U.S. Atty., Richmond, Va., on brief), for appellees.
 Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is taken from an order of the District Court wherein a petition for writ of habeas corpus filed by a prisoner in the Federal Reformatory at Petersburg, Virginia, was dismissed without a hearing on the ground that the petition showed on its face that the petitioner was not entitled to the relief prayed. It was alleged in substance in the petition that the prisoner had been sentenced to confinement in the reformatory by the United States District Court for the Eastern District of Virginia for issuing a worthless check on a Government reservation and had subsequently been released on parole and thereafter had been returned to the institution as a parole violator; and that there had been issued to him in the reformatory a set of radio earphones to be used by him to receive radio broadcasts in his off time; that the earphones proved to be defective and had been returned by him to the prison authorities with the request that they be repaired and that he was informed by the authorities that he had caused the damage to the earphones and on that account n earphones would be provided to him until further notice. The petition added that there was no evidence that he had caused the damage to the earphones and that his request for an interview had been refused. He asserted that because of these circumstances he had been subjected to cruel and unusual punishment and was entitled to be released from the prison. The District Court, being of the opinion that the petition stated no cause for relief under a writ of habeas corpus, dismissed the petition.
 
 
 2
 This decision was correct. In Henson v. Welch, 199 F.2d 367, 368, in which a writ of habeas corpus was denied to a prisoner who sought review of disciplinary action taken by prison authorities, we said: 'Since the prison system of the United States is entrusted to the Bureau of Prisons under the direction of the Attorney General, 18 U.S.C.A. 4042, supra, the courts have no power to supervise the discipline * * *, but only on habeas corpus to deliver from the prison those who were illegally detained.' In this decision we quoted from Williams v. Steele, 8 Cir., 194 F.2d 32, 34, Id., on rehearing 194 F.2d 917-918. See also Sewell v. Pegelow, 4 Cir., 291 F.2d 196.
 
 
 3
 Affirmed.