**John BECKETT, Jr., Petitioner,**

v.

**J. O. KEARNEY, Warden United States Penitentiary, Atlanta, Georgia, Respondent.**

**Civ. A. No. 9654.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 18, 1965.

John Beckett, Jr., pro. per.

Charles L. Goodson, U. S. Atty., and Thomas K. McWhorter, Asst. U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, District Judge.

■ Petitioner, a veteran of World War Two, now inmate in the Atlanta Federal Penitentiary, on August 30, 1965 filed a complaint in this court against the Warden of the Penitentiary. His petition does not bear a label, but it is the duty of this Court to give relief if demanded by the facts regardless of the form of action.

Petitioner claims that "he is being subjected to cruel and unusual punishment and in violation of his Eighth Amendment" rights. He alleges he has a deformity of his right foot, that he was ordered to light duty by the surgeon of the institution, but has not received such light duty.

This Court, and many other District Courts of the land, are constantly receiving complaints of this nature and, for the most part, are dismissing the same upon the basis of rulings by the higher courts that habeas corpus is not a proper remedy in such cases.

This Court issued a rule nisi and respondent through the United States Attorney filed an answer citing cases to the effect that this is a matter of prison discipline over which this Court has no jurisdiction. No allegations were made as to the charges by petitioner that he was physically impaired and was given duties beyond his physical capacity to perform.

At the hearing petitioner, and also officials at the Penitentiary, gave their testimony. Fortunately, the medical record of the petitioner was brought into court. It is to be regretted the Court did not have opportunity to inspect the same, or contents of the same, prior to the hearing. It appeared from the record that petitioner had in fact been wounded in his foot during World War Two, that x-rays of the same had been taken and various entries made on his hospital records. It also appeared, however, that after he made complaint to the respondent warden in this case, and this complaint had been filed, his assignment duties at the Penitentiary had been changed and he was given lighter work. While he also complains of pain in his back he does not have the objective symptoms in regard to that as shown by x-rays of his foot.

The Court finds that petitioner was for a time required to do certain services in the Penitentiary which caused him pain and inconvenience, and that his transfer to lighter duties was proper, and further finds that there is no probability in the future of his being assigned to duties beyond his ability to perform.

This application, however, brings to light a situation presenting both legal and practical problems. The Eighth Amendment to the United States Constitution provides that cruel and unusual punishments shall not be inflicted. By statute operations of the federal penitentiaries are under the supervision of the Attorney General and the Bureau of Prisons. Many prisoners file complaints alleging their rights under the Eighth Amendment are violated. To bring all of them into court would disrupt not only the courts, but the prisons as well. The difficulty facing a trial judge is to determine whether the complaints should have a hearing, and if so, what remedy should be applied.

In the case of Williams v. Steele, Warden, 194 F.2d 32, and on rehearing 194 F.2d 917, the Eighth Circuit Court of Appeals held that the writ of habeas corpus will not lie in favor of one who is allegedly subjected to cruel and unusual punishment in violation of the Constitution. That court, while denying that there is no judicial remedy open to a prisoner making such complaints, did not state what his remedy would be. In the case of United States ex rel. Knight v. Ragen, Director, 7 Cir., 337 F.2d 425, the court pointed out that it is not the function of habeas corpus to direct prison officials in the treatment and care of inmates, but stated that,

"Deprivation of essential medical care by state prison officials may be, in an exceptional circumstance, actionable in federal courts under Civil Rights Act."

It is well established that,

"Unless perhaps in extreme cases, the courts should not interfere with the conduct of a prison or its discipline." Tabor v. Hardwick, 5 Cir., 224 F.2d 526, 529.

There is therefore, in between the constitutional rights of a prisoner on the one hand and the disciplinary rights of the authorities on the other hand, a vast no-man's land. This Court sees no remedy for the situation unless it be a statute granting some kind of administrative hearing under oath, wherein the prisoners and other witnesses may make a record upon which the courts can pass a judgment.

In the instant case the questions raised by petitioner are moot and no further Order is necessary.