## STATE EX REL. CHARLES T. KOPETKA v. JACK G. YOUNG.*

163 N. W. (2d) 49.

November 29, 1968—No. 41651.

*Charles T. Kopetka,* pro se, and *Joseph Perry,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Relator is confined in the State Prison under an indeterminate sentence for murder in the third degree.[1] He appeals from an order of the district court denying without a hearing his petition for a writ of habeas corpus in which he claims he is being subjected to cruel and unusual punishment in violation of U. S. Const. Amends. VIII and XIV. Specifically, he alleges that for 8 years he has suffered severe pain because of a hernia or tumor which the prison authorities have failed to correct. He seeks his release in order to convalesce in Arizona from a chronic respiratory infection before undergoing surgery.

We agree that the petition is not one which requires an evidentiary hearing. Relator has failed to comply with the rules we set forth in State ex rel. Cole v. Tahash, 269 Minn. 1, 8, 129 N. W. (2d) 903, 907.

---

\* Certiorari denied, 394 U. S. 954, 89 S. Ct. 1283, 22 L. ed. (2d) 490.

[1] State v. Kopetka, 265 Minn. 371, 121 N. W. (2d) 783; State ex rel. Kopetka v. Tahash, 281 Minn. 52, 160 N. W. (2d) 399.

The medical care of prisoners is an administrative problem, not a judicial one. There is no claim he has sought relief through the Department of Corrections. At the very least, the petition should have set forth facts regarding relator's physical condition, the medical examinations he has been given, the diagnosis and prognosis which resulted, the precise treatment which competent medical authorities have recommended, and the reasons given for the prison's refusal to treat him. If, under such circumstances, the petition made a prima facie showing that the authorities have arbitrarily denied relator proper care, the court would be obliged to conduct an evidentiary hearing and grant relief.

However, we do not suggest that matters of administrative policy within the Department of Corrections raise constitutional questions for judicial determination unless they are of such a gravity they come within the cruel and unusual punishment provisions of the Eighth Amendment. In the instant case, if the relator requires surgery or other medical attention, there is no reason to assume the Department of Corrections will not provide it without relator's invoking the jurisdiction of the district court.

Affirmed.