CHARLES T. KOPETKA v. STATE.

167 N. W. (2d) 39.

April 3, 1969—No. 41715.

*Charles T. Kopetka,* pro se, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Daniel Hollihan,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Appeal from an order denying an application for postconviction relief.

On June 13, 1960, after a trial without a jury, petitioner was convicted of third-degree murder for killing his wife and, upon his plea of guilty, of second-degree assault for stabbing his mother-in-law. He is now confined under concurrent indeterminate sentences in the State Prison.

We have reviewed the validity of his convictions and his detention on three prior occasions. Upon his direct appeal, his conviction for murder was affirmed in State v. Kopetka, 265 Minn. 371, 121 N. W. (2d) 783. Subsequently, we affirmed two orders denying postconviction relief arising out of habeas corpus proceedings in the District Court of Washington County. State ex rel. Kopetka v. Tahash, 281 Minn. 52, 160 N. W. (2d) 399; State ex rel. Kopetka v. Young, 282 Minn. 529, 163 N. W. (2d) 49. While the latter two appeals were pending in this court, petitioner filed a petition pursuant to Minn. St. 590.01, et seq., seeking to set aside his convictions and sentences. This petition was accompanied by a supplemental pro se petition for a writ of habeas corpus. These petitions, which were consolidated for hearing before the District Court of Ramsey County, alleged numerous factual and legal grounds for the relief requested. As summarized by petitioner, who, upon his insistence, prosecutes this appeal pro se, they are:

"(1) Inadequate & Ineffective Assistance of Counsel.

"(2) & (3) Erroneous Receipt of Illegally Seized Evidence.

"(4) Incompetent Testimony by State Witness.

"(5) The Defendant's Mental State Was Not Such as to Formulate Requisite Intent.

"(6) The Defendant Should Have Been Entitled to Benefit of Lesser Offense.

"(7) & (8) Adverse Publicity and Long Delay of Trial Was Prejudicial to Defendant.

"(9) Hearsay Evidence by State Witness Did Not Qualify as Dying Declaration.

"(10) Hearsay Testimony by State Witness Was False."

A plenary evidentiary hearing was granted to petitioner at which he, represented by the public defender, appeared and testified at length. He was afforded every opportunity to present evidentiary support for his claims and to develop the merits of his application. In denying the petition, the postconviction court made specific findings on each and every issue raised. Further, the basis for the findings on every significant issue concerning a

claimed denial of fundamental rights was explained by an accompanying memorandum, which concluded with these words:

"Upon a full review of all the files, records, and proceedings, including the pertinent provisions of the transcript furnished the Court, together with memoranda and arguments presented, the Court was of the firm opinion that the proceedings during the trial of the petitioner in the first instance were in all things proper; that a fair trial was afforded petitioner; that he was adequately and competently represented by Counsel; and that the record is such that there is insufficient proof at this time which would persuade the Court to vacate and set aside the judgment[s] of conviction and sentence[s] previously made."

In exercising the broad scope of review contemplated by our postconviction statute to protect the fundamental rights subject to litigation in this type of proceeding, we have carefully reviewed the transcript of the plenary hearing and the files and records considered by the postconviction court. We are satisfied that each of the findings made, and each of the conclusions reached, is compelled by the evidence as well as by the full and final litigation of several of these issues in petitioner's prior appeals. Accordingly, there is no factual or legal basis to justify granting the relief requested by petitioner.

Affirmed.