**UNITED STATES of America ex rel. Charles T. KOPETKA, Petitioner,**

v.

**Jack G. YOUNG, Warden, Minnesota State Prison, Respondent.**

**No. 3–69 Civ. 231.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 24, 1970.

Charles T. Kopetka, pro se.

Joseph Perry, St. Paul, Minn., for petitioner.

William B. Randall, Ramsey County Atty., by Daniel J. Hollihan, Asst. Ramsey County Atty., for respondent.

NEVILLE, District Judge.

Before the court for consideration is a petition for a writ of habeas corpus filed by a state court prisoner who at the time of its filing was serving an indeterminate sentence for third degree murder. The court, mindful of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1962) and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), ordered an evidentiary hearing. Shortly following the hearing petitioner was paroled and so is now at liberty. This fact does not, however, render the petition moot since even when paroled the movement and actions of a former prisoner are restricted. He thus is entitled to test the legality of such restrictions. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). See also Dunn v. California Dept. of Corrections, 401 F.2d 340 (9th Cir. 1968); Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir. 1967).

Petitioner's case four times has been before the Minnesota Supreme Court.

Originally his conviction was affirmed in 1963 in State of Minnesota v. Kopetka, 265 Minn. 371, 121 N.W.2d 783 (1963). Subsequently petitioner requested a writ of habeas corpus, alleging his conviction to be unconstitutional. The writ was discharged. Kopetka v. Tahash, 281 Minn. 52, 160 N.W.2d 399 (1968). Shortly thereafter petitioner brought a second petition for habeas corpus alleging cruel and inhuman treatment and punishment due to the medical treatment or the lack thereof received from prison officials. The Supreme Court affirmed the lower court's dismissal of the writ without a hearing. State ex rel. Kopetka v. Young, 282 Minn. 529, 163 N.W.2d 49 (1968). The last reported case is Kopetka v. State, 283 Minn. 525, 167 N.W.2d 39 (1969). In addition petitioner has instituted at least one more petition for habeas corpus in the State court, the latter of which apparently as the court gleaned at the hearing is now on appeal to the Minnesota Supreme Court and still undecided. Two prior habeas corpus petitions have been addressed to this court and dismissed, both because similar petitions were pending in State Court at the time and the petitioner had not exhausted his state remedies.

The present petition asserts several claims including (1) that petitioner was denied due process because he was tried and convicted on one theory of third degree murder under Minn. Stat. § 619.10 and his conviction was affirmed on a second or different theory; (2) that the petitioner's several confessions used against him were involuntary as made under the influence of intoxicants and subsequently elicited under coercion and influenced by the initial confession; (3) that illegally seized evidence introduced at trial was prejudicial and not mere harmless error; (4) that the petitioner did not have adequate or effective assistance of counsel; (5) that exaggerated and incompetent evidence was introduced at trial to the prejudice of the petitioner; (6) that petitioner's mental state at the time of the crime was such that he could not form the requisite intent and the

court erred in ruling that since he reached that state voluntarily, intoxication was not available as a defense and was evidence of a "depraved mind" ; (7) that petitioner was denied a fair trial because of adverse publicity and delay; (8) that petitioner was denied due process by the admittance into evidence of a statement which did not qualify as a dying declaration; (9) that defendant was denied due process by the allowance of other hearsay evidence; (10) that the petitioner's imprisonment is illegal and unconstitutional by reason of the fact that he has been subjected to cruel and unusual punishment in connection with the medical treatment he has received or failed to receive in prison.

All of the above claims, including numbers 4 and 10, concerning which petitioner devoted most of his time at the hearing have been specifically considered and rejected by the Minnesota Supreme Court in one or the other of its four opinions. This court has had the benefit of, and has read, the record of the trial had before the Honorable Robert V. Rensch with jury waived. The Federal Court is not an appellate court and its function is not to review the rulings and decisions of the State courts. The Federal Court will intervene only if there is a substanial and real denial of due process, such as lack of notice or chance to present evidence, the prejudicial use of illegally seized evidence, denial of the right to adequate counsel, an unfair trial due to excessive publicity, or other similar constitutional ground. Even were this court to feel that *de novo* it might have reached a different conclusion on the evidence as to numbers 1 through 10 above—which the court does not mean to imply—it would not and should not disturb a State court's finding and decision. So for instance the Minnesota Supreme Court adopted a certain construction of the State statute defining murder in the third degree, opined on the sufficiency of the evidence, the validity of confessions, the effect of admitting certain evidence at the trial, etc. The decision on these questions in a case

**1004**

such as is here involved is not a denial of constitutional rights. Were the rule otherwise this court would in effect be sitting as an appellate court, reviewing each and every ruling made by the trial court first and them affirmed by the Minnesota Supreme Court, under the guise and on the ground that every ruling is claimed to violate or might violate in some way or other a constitutional right. Such is not the proper posture for this court. In any event, the court is satisfied from a review of the record at the trial, the briefs and arguments of counsel, and the three Supreme Court opinions above cited that the evidence adequately supports defendant's conviction and the errors assigned by him if they were in fact errors were not prejudicial.

■ As to ground No. 4 apparently and so far as this court is advised petitioner never previously took evidence in support of this contention or seriously raised the question before the Minnesota Supreme Court. In this court's opinion petitioner was adequately represented by competent and able counsel and received a full and fair presentation of his case.

The public defender was appointed to defend petitioner and it is claimed he did not have the time nor did he have the funds available adequately to prepare for trial and to investigate all possible facets which petitioner claimed might have been used as defenses to the prosecution. Petitioner's former counsel was subpoenaed and testified at the hearing to the effect that though he would have liked to have had more facilities available the more fully to develop and explore the defendant's alcoholic problem and the possibility of temporary insanity, there was delay before he was appointed or saw the defendant, depreciating to some extent the value of any investigation or examination along the latter lines. He did however secure the services of a psychiatrist who after examining petitioner, opined he was not insane at the time of the commission of the crime. A reading of the record demonstrates that the presentation of the defense was a lawyer-like job and adequately and effectively promoted petitioner's cause.

■ To satisfy the constitutional requirements of the Sixth and Fourteenth Amendments one must have adequate effective assistance of counsel. Montez v. Eyman, 275 F.Supp. 554 (D. Ariz. 1967), aff'd 404 F.2d 330 (9 Cir. 1968), cert. denied 394 U.S. 1005, 89 S.Ct. 1604, 22 L.Ed.2d 783 (1969). But effective assistance of counsel does not mean perfect counsel. Errorless counsel is not required as a prerequisite for a trial consonant with due process. Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967), cert. denied 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967).

■ What is required by the constitution to meet the dictates of due process is that representation by counsel not be so lacking in competence that it becomes the duty of the court or prosecution to observe and correct the deficiencies. In re Ernst's Petition, 294 F.2d 556 (3rd Cir. 1961). The test for evaluating the effectiveness of counsel was stated in Ellis v. State of New Jersey, 282 F.Supp. 298 (D.N.J.1967), aff'd per curiam 388 F.2d 988 (3rd Cir. 1968), cert. denied 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397 (1968), where quoting United States ex rel. Darcy v. Handy, 203 F.2d 407 (3rd Cir. 1953), the court noted:

"The services of counsel meet the requirements of due process when he is a member in good standing of the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice." 282 F. Supp. at 303.

Petitioner's counsel is and was at the time an attorney of experience in the criminal field, possessing talent, and of good reputation. This court cannot say that defendant was not adequately represented.

In regard to petitioner's claim No. 10, he asserts that he should be released or obtain other appropriate relief by reason

of his having received at the hands of the prison doctors and officials cruel and unusual punishment. More specifically it appears he feels that the doctor's and official's plan for diagnosis and treatment of his ailment was so unreasonable as to be violative of the Eighth and Fourteenth Amendments of the United States Constitution. He claims that the prison doctors did not inform him of a cyst they had discovered, insisted on certain allegedly perilous tests being taken before administering treatment, and refused to consider allowing him to rest and prepare for surgery in Arizona despite a claimed respiratory condition.

■ Historically most · courts have taken the view that habeas corpus was available only to inquire into the legality of the detention and that the only judicial relief authorized was the discharge of the prisoner or his admission to bail. Williams v. Steele, 194 F.2d 32 (8th Cir. 1952), cert. denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640 (1952). More recently, however, courts have been more susceptible to considering other relief. While noting that the prison system has been entrusted to the Bureau of Prisons and that the courts have no power to supervise the discipline of prisoners nor to interfere therewith, the court in rare instances or under exceptional circumstances will review the nature and condition of a prisoner's otherwise lawful confinement upon a charge of cruel and unusual punishment. Harris v. Settle, 332 F.2d 908 (8th Cir. 1963), cert. denied, 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179 (1964).

The instant case is analogous to Konigsberg v. Ciccone, 285 F.Supp. 585 (W. D.Mo.1968), aff'd 1/28/70, 8th Cir., 420 F.2d 699. There a prisoner at the United States Medical Center for Federal Prisoners alleged cruel and unusual punishment and sought to have his conviction set aside and his freedom restored because of claimed illegal treatment. The court considered the proper scope of the use of habeas corpus in this type of case:

"It is basically designed to give a person restrained of his liberty the op-

portunity and right to test the legality of the restraint and to relief from unlawful imprisonment. Its application has somewhat expanded with the passage of time. Today a permitted use is to reach and prevent certain continuing illegal and unconstitutional treatment of convicted persons in custody where such treatment amounts to cruel and unusual punishment. In some few and unusual instances it is also available to reach extreme acts of official misconduct depriving the prisoner of fundamental rights where such deprivation also results in unlawful administration of sentence. *This expanded type of use does not result in vitiating the sentence of confinement so as to free the prisoner but rather results only in an equitable type of restraint to preclude the continuation or resumption of the illegal act or acts involved.* Thus the writ is not available generally where the complaint is simply one of past wrongs, not involving the validity of the confinement, and not of a continuing or probably continuing nature." [Emphasis added.] 285 F.Supp. at 589.

■ The court denies petitioner's request No. 10 for relief *first* because inasmuch as the petitioner is now released on parole and can seek his own medical advice, the question is moot. He is no longer required to see only prison doctors and if in fact over the last eight years he has received cruel and inhuman or improper treatment such cannot be dealt with in this habeas corpus proceeding. *Second,* because by petitioner's own testimony at the hearing before this court, he stated he had refused to undergo certain tests, namely a bronchostomy required by the doctors before giving petitioner further treatment and this court is in no position without extensive medical evidence before it to be able to fault the doctors for imposing such a requirement; and, *third,* so far as this court was advised at the hearing and insofar as the record shows in the case of State ex rel. Kopetka v. Young, 282 Minn. 529, 163 N.W.2d 49 (1968), petitioner

**1006**

has never filed a proper petition with the State Court following rules that the court laid down in State ex rel. Cole v. Tahash, 269 Minn. 1, 120 N.W.2d 903 (1964), and so has never exhausted his State remedies which it is fundamental he must do under 28 U.S.C. § 2254 before consideration will be given by this court.

A separate order denying the petition has been entered.