## REILLY v. HIATT.

### No. 2446.

District Court, M. D. Pennsylvania.

Dec. 6, 1945.

Joseph W. Reilly, pro. per.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

WATSON, District Judge.

On July 27, 1945, Joseph W. Reilly, hereinafter referred to as the "petitioner", forwarded to this Court a paper labeled a "Petition for Writ of Injunction". The filing fee was not submitted with the paper and was not received until November 5, 1945 when petitioner accompanied the filing fee with a paper labeled "Amendment to Petition for Writ of Injunction".

The petition alleges that petitioner is an inmate of the Federal Penitentiary at Lewisburg, and that the Warden, respondent, illegally withheld or delayed the transmission of letters written by the petitioner. Petitioner also requests this Court to order respondent Hiatt to mail immediately three letters in particular.

■ This is in effect a request for an order abolishing the censorship of mail of prisoners. The withholding of mail is purely a matter of prison regulation within the administrative discretion of the warden of the penitentiary and not within the jurisdiction of this Court. United States v. Thompson, D.C., 56 F.Supp. 683.

■■ This Court has no jurisdiction if the matter be treated as an effort to obtain a mandatory injunction. United States v. Rollnick, D.C., 33 F.Supp. 863; Jones v. Hiatt, D.C., 50 F.Supp. 68. Nor may this Court interfere with an administrative officer in a matter involving the exercise of his discretion not in connection with any matter now pending in this Court, nor auxiliary to or in aid of jurisdiction already existing. Hogan v. Hill, D.C., 9 F.Supp. 975, affirmed 3 Cir., 78 F.2d 1017.

Now, the petition of Joseph W. Reilly for an injunction mandatorily directing the respondent to mail certain letters, and prohibiting him from withholding future mail of the petitioner, is hereby denied.