## NUMER v. MILLER et al.
### No. 11721.

Circuit Court of Appeals, Ninth Circuit.
Jan. 29, 1948.

Richard A. Numer, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, an inmate of Alcatraz, applied to the district court for an order in the nature of mandate commanding appellees, who are subordinate officials of the prison, to transmit certain mail matter rejected by these officials. He asserts that they have denied him access to educational facilities afforded all fellow inmates and have abridged his right of free speech. After a hearing in which the petitioner participated the court ordered a dismissal.

The burden of petitioner's grievance is that he was refused permission to mail some lesson sheets to the extension division of the University of California in connection with a correspondence course in English in which he had been encouraged to enroll. The assignment for the first lesson had asked that the student state his reasons for taking the course and the benefits he hopes to derive from it. Possessing conscientious scruples against misleading his instructors, says the petitioner, he fulfilled his lesson assignment truthfully. A copy of his efforts in that direction is attached to the petition as an exhibit. In this paper he states that he is taking the course because he intends upon his release to write a book exposing the brutality of the prison authorities, whom he characterizes as "a sadistic group in charge of the brutality department." The composition is written throughout in this vein. On reading it the deputy warden told petitioner he would not be allowed to proceed with the course unless he changed his tactics.

Patently there is nothing in this showing which would make out a case cognizable by the district courts. It is not

their province to supervise prison discipline. Platek v. Aderhold, 5 Cir., 73 F. 2d 173. Congress has entrusted that responsibility to the Bureau of Prisons, set up in the Department of Justice. The controlling statute, 18 U.S.C.A. § 753a, provides that the Bureau "shall have charge of the management and regulation of all Federal penal and correctional institutions and be responsible for the safe-keeping, care, protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

As to the asserted violation of constitutional guaranties, we may add that a prisoner who persists in abusing a privilege or opportunity extended to all prison inmates is in no position to complain of unequal treatment if the privilege is taken away from him.

Affirmed.