## GERRISH v. STATE OF MAINE.
### Civ. No. 706.

United States District Court
D. Maine, S. D.
March 15, 1950.

None for petitioner.
None for respondent.

CLIFFORD, District Judge.

This matter comes before me upon the petition of Frederick Gerrish for a restraining order against the State of Maine, petition having been ordered filed without payment of fees upon petitioner's oath of inability to pay the required fee.

The petitioner, confined as a prisoner in the Maine State Prison in Thomaston, Maine, has twice previously filed petitions for writs of habeas corpus, both of which were denied, the first because petitioner failed to allege the necessary facts concerning his commitment and detention as required by Sec. 2242, Title 28 U.S. Code Annotated, and, furthermore, petitioner failed to allege that he had exhausted the remedies available to him in the courts of the State of Maine, or that there was an absence of available State corrective process, or that there existed circumstances rendering such process ineffective to protect the rights of petitioner, such allegation being required by Sec. 2254 of Title 28 U.S. Code Annotated. The second was denied for like reasons.

The petitioner in this petition alleges that he caused a "petition of complaint for public investigation to appear before the Executive authority of the State of Maine, the Governor, in which he appealed for redress

arising from an illegal and unjust confinement in the Maine State Prison at Thomaston."

It is apparent from the context of this petition that petitioner prepared it himself. It contains much vague and inept language and allegations extraneous to the issue here involved. This Court has made due allowance for these facts in construing and ruling on the petition.

The basis of his complaint addressed to this Court appears to be as follows: Petitioner caused an application for pardon to be presented to the Governor and Executive Council of the State of Maine, and receipt of the petition was acknowledged. The Secretary of State for the State of Maine informed the petitioner that in order for the Governor and Council to act on his petition for a pardon the statutory provisions for filing petitions must be complied with; that is, the petition must be completed and signed by the prisoner, together with certified copies of the indictment, his record of conviction and sentence, and mailed to the office of the Secretary of State. He was likewise advised by the Secretary of State that under article 5, part first, Sec. 11 of the Constitution of Maine, the Governor with the advice and consent of the Council can grant reprieves, commutations, and pardons upon such conditions and with such restrictions and limitations as may be deemed proper, subject to such regulations as may be provided by law relating to the manner of applying for pardons. He was likewise informed of the Legislative provisions relating to petitions for pardon or commutation of sentences, and also that under Sec. 49 of Chap. 136, Rev. Stat. 1944, the laws of Maine provide that written notice be given to the County Attorney and that publication of the petition for a pardon should be inserted in a newspaper for the prescribed period of time. The petitioner having failed to comply with the requirements noted by the Secretary of State in his letter to the petitioner, the petitioner's application for pardon was denied without a hearing.

Thereafter, petitioner alleges that he prepared and sent letters to the appropriate courts of Maine as directed, requesting the documents required to complete his pardon application. He alleges that these letters were censored by the prison authorities; that "more than one" such letter was returned to petitioner as not approved by the censors; and that those letters which were not returned to the petitioner have not been acknowledged by those to whom they were addressed.

Petitioner does not state whether he forwarded with his letters the statutory fees required for the requested documents; but it is fair to presume, in view of his lack of funds, as indicated in this application for a restraining order, that he had no funds to pay the required fees. If such is the case, the Maine law does not provide him with the right to obtain such documents without charge.

Article V, Part First, of the Constitution of Maine, provides in part, as follows: "Sec. 1. The supreme executive power of this State shall be vested in a Governor. * * * Sec. 11. He shall have power, with the advice and consent of the council, to remit, after conviction, all forfeitures and penalties, and to grant reprieves, commutations and pardons, except in cases of impeachment, upon such conditions, and with such restrictions and limitations, as may be deemed proper, subject to such regulations as may be provided by law, relative to the manner of applying for pardons. * * *."

Petitioner makes application to this Court to restrain the State of Maine from interfering further with his right to take the case before that authority. His prayer to this Court is based on that part of the 14th Amendment to the Constitution of the United States which guarantees to all citizens of the United States the equal protection of the laws.

█ The law is well settled that a pardon is simply an act of grace. In United States v. Wilson, 7 Pet. 150, 8 L.Ed. 640, there is quoted the following definition: "Pardon * * * an act of grace, proceeding from the power entrusted with the execution of the law, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."

The laws of Maine requiring applicant for a pardon to comply with the statutory provisions, as above stated, and to provide certain relevant documents to the Governor and Council, which are available at small cost to the Petitioner, are reasonable and proper requirements, and should be complied with before a pardon application will be considered. It is for the State to determine whether it will make such documents available to indigent prisoners without cost.

The requirements that outgoing letters from prisoners be censored by prison authorities is a proper and long-established rule in State as well as Federal prisons.

The request by petitioner that this Court appoint counsel to represent him in these proceedings must also be denied. Since these proceedings have no bearing on the determination of petitioner's guilt or innocence of the crime for which he has been convicted, but relates only to his right to make application for a pardon, it is not within the class of cases in which the right to the assistance of counsel is guaranteed by the 6th Amendment to the Constitution of the United States.

The petition addressed to this Court, being entirely without legal basis, it is Ordered, Adjudged, and Decreed that the petition be and hereby is

Denied.