WARFIELD *v.* RAYMOND, SUPERINTENDENT OF MARYLAND STATE REFORMITORY FOR MALES

[H. C. No. 40, October Term, 1949.]

712

*Decided April 12, 1950.*

Before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a refusal of a writ of *habeas corpus*. In his brief filed in this court the petitioner's chief complaints are as to medical treatment, or lack of it, by Dr. Conrad and his staff, and the quality of the food. As we pointed out in the case of *State, ex rel. Baldwin v. Superintendent of State Reformatory for Males,* 192 Md. 712, 63 A. 2d 323, such complaints do not afford any basis for release on *habeas corpus,* but should be addressed to the Board of Correction. See also *Edmondson v. Warden of Md. House of Correction,* 194 Md. 707, 69 A. 2d 919.

In his petition to Judge Johnson, from whose refusal of the writ this application for appeal is made, his complaint was that the Superintendent refused to forward a petition for *habeas corpus* to Judge Woodward on or about January 15, 1949. However, it is admitted that he was granted a hearing before Judge Woodward on January 26, 1950, at which the petitioner and the Superintendent both testified, and no appeal was taken from an order of remand. The petition also alleged that the Superintendent had on previous occasions refused to forward petitions or restricted their size or contents.

The petitioner has an absolute right to communicate with the courts, without interference by the prison authorities, but it does not follow that a denial of the right would require a release from custody. In *Ex* parte Hull, 312 U. S. 546, 549, 61 S. Ct. 640, 642, 85 L. Ed. 1034, it was said: "The state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of *habeas corpus*. Whether a petition for a writ of *habeas corpus* addressed to a federal court is properly drawn and what allegations it must contain are questions for that court alone to determine. * * * However, the invalidity of the prison regulation does not compel petitioner's release." See also *White v. Ragan,* 324 U. S. 760, 762, 65 S. Ct. 978, 89 L. Ed. 1348. *Cf. Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 283, 49 A. 2d 737, and *Edmondson v. Warden, supra.* In the instant case we must assume that these charges were aired before Judge Woodward. There is no showing of interference with the petition addressed to Judge Johnson.

*Application denied, without costs.*