**ADAMS v. ELLIS et al.**

**No. 13868.**

United States Court of Appeals
Fifth Circuit.

June 5, 1952.

Homer B. Adams, in pro per.

Willis E. Gresham, Asst. Atty. Gen. of Texas, for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

Originally brought to secure damages, injunction, and the writ of *habeas corpus,* the petition of the appellant was dismissed by the trial court for want of jurisdiction. Appellant, while a prisoner in the Texas State Penitentiary, where he was held by virtue of State process, filed the petition captioned "Civil Action for Damages and Injunction under Civil Rights Laws of the United States and Application for Writ of Habeas Corpus." Jurisdiction was claimed "under Section 241, Section 1702, Section 1708 (all) of Title 18 of the United States Code, as amended; under Section 711 of United States Revised Statutes; under Section 2 of Article III of the Constitution of the United States; under the 4th * * * 6th and 14th Amendments to the Constitution of the United States" to restrain continuing violations of said laws, to

secure plaintiff's release, and to secure redress of damages suffered as a "result of defendant's violations of his rights under the above named laws." It will be observed that the statutes cited are criminal laws, but it is evident that, at least so far as the claim for damages is concerned, the petitioner, in effect, seeks to assert jurisdiction under the provisions of Section 1343, Title 28, United States Code, to enforce a claim under the provisions of Section 43 of Title 8, United States Code. The petitioner has been released from custody and thus the claim for an injunction and the writ of *habeas corpus* have been removed from the case. Only the claim for damages remains.

The complaint names O. B. Ellis, General Manager of the Texas Prison System, Richard C. Jones, Assistant General Manager, and H. E. Moore, Warden of the Huntsville Unit of such system, as defendants; and, as co-conspirators, but expressly not as defendants, nine officials and members of the Texas Prison Board, three members and one former member of the Texas Board of Pardons and Paroles, two doctors and eight officials and employees at the Huntsville Prison. By way of background recital, the complaint sets forth the cultured family background of petitioner, his graduation from Texas Christian University, his attendance at Texas University and the Law School at St. Mary's University, his subsequent career as athletic coach and teacher, the details of how he was wrongfully prosecuted, driven from business as a life insurance agent, and, finally, wrongfully convicted and imprisoned. Proceeding to the present case and the alleged conspirators, the petition alleges at great length and in specific detail their duties under the laws of Texas and the rules and regulations adopted pursuant thereto as to the care, rehabilitation, classification, etc., of prisoners and the grant of paroles and pardons. Proceeding then to the only feature of the case which can be even remotely considered as bearing upon, or approaching, a claim of deprivation of civil rights, the complaint, after asserting the lack of power of any State officer to suspend or interfere with the postal laws of the United States, or to censor or confiscate any mail matter, or to try or punish any person for the alleged violation of such laws, alleges that even a prisoner has a right to indictment by a grand jury and to a speedy public trial by a jury. Furthermore, that where such official, or officials, assume to try and punish, and specifically where the punishment results in solitary confinement and violation of the classification laws of Texas, or the delay or denial of pardon or parole, there ensues the deprivation of civil rights. Nevertheless, it is alleged, the defendants have conspired to, and have, injured and oppressed the plaintiff in the free exercise and enjoyment of his right under the 4th Amendment to the Constitution of the United States, and Sections 1702 and 1708, supra, "to the security of an inviolate character of his letters and packages while in transit in the United States Mails." Furthermore, they have likewise conspired to injure and oppress the plaintiff of his right under Section 2 of Article III of the Constitution and under the 6th and 7th Amendments thereto to the trial and safeguards thereby provided when charged with an alleged crime against the postal laws of the United States. As stated, the petitioner has been released. He argued his case here in person. The claim just stated is well denominated by him "the meat of the case." It is alleged that having conducted a trial themselves, the prison officials inflicted cruel and unusual punishment. This is detailed, but except for charges of cursing and abuse, relates to matters usually imposed in the enforcement of discipline and punishment for violation of prison rules. In fact, it is alleged that the claimed conspiracy was accomplished by the adherence to a set of rules which require censorship of mail; which prevent him from reading law books or making notes "at any time during the day"; to write to any Court of original jurisdiction; or to stay in his cell for the purpose of attending to "emergency legal matters." It would be unprofitable to attempt further summarization of the complaint. Fairly construed, it challenges the

right of prison officials to impose censorship upon the prisoners' mail.

 Neither Section 1702, punishing obstruction of correspondence, nor Section 1708, of Title 18, punishing the theft or receipt of stolen mail matters generally, is applicable to the circumstances here involved. It is well recognized that prison authorities have the right of censorship of prisoners' mail.[1] As said in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356, "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." As this Court has said, it is not the function of the Courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined. Sarshik v. Sanford, 5 Cir., 142 F.2d 676; Platek v. Aderhold, 5 Cir., 73 F.2d 173. This is, of course, not to say that a case could not arise where punishment or treatment could be deprivation of the prisoner's rights. However, in the present case it is clear that what the prisoner seeks to do is to put his own construction on disciplinary action lawfully taken by the prison authorities, as appears from the complaint, and classify it as an assumed trial for a violation of the postal laws of the United States, when, in fact, it is clear that no such attempt was made. This being true, the claim of deprivation of the Constitutional right to a trial by jury falls. In fact, under the statutes relied upon, and referred to above, the violation of such laws, if any, was by the defendants, and consequently the only claim of right which the plaintiff can assert for himself is the claimed one of unrestricted freedom in the receipt and transmission of mail. As we have shown, the prisoner has no such right.

The trial court did not err in dismissing the petition.

Judgment affirmed.

1. Numer v. Miller, 9 Cir., 165 F.2d 986; Reilly v. Hiatt, D.C., 63 F.Supp. 477; Gerrish v. State of Maine, D.C., 89 F. Supp. 244.