## Walden v. Brown, Secretary of Welfare

KNIGHT, P. J., June 5, 1952.—Petitioner, a prisoner in the Gratersford branch of the Eastern State Penitentiary, filed what he terms as a petition for a writ of mandamus.

Petitioner alleges that he was refused the right of religious worship, that he was placed in a punishment cell, that he was denied medical treatment, that he was denied exercise and fresh air, that he was put in the same cell block as homosexuals, that he was denied clean clothing, soap and washing materials. He complains of lice, odors and beatings. He prays that this court "issue a show cause order directed to the respondent (W. C. Brown, Secretary of Welfare of the Commonwealth of Pennsylvania) to show cause, if any exists, why petitioner should not be granted the constitutional and humane rights, herein prayed for."

In the first place, petitioner is in the wrong jurisdiction.

Rule 1092(c) of the Rules of Civil Procedure provides:

"An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest

distinct from that of the general public may be brought in and only in

"(1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth;"

Goodrich-Amram Procedural Rules Service, at Actions at Law, page 108, speaks of a class five action as those actions brought by private individuals against officers, board, etc., of the Commonwealth by reason of a separate private interest.

"Actions of Class 5 may be brought only in Dauphin County. This follows the prior practice . . . The Act of 1931 fixed the venue in actions against 'state officers' which was defined to include . . . 'the head of any administrative board or commission.' Rule 1092(c) (1) uses the more inclusive language 'officer, department, board, commission or instrumentality of the Commonwealth.' "

Anderson Pennsylvania Civil Practice, vol. 3, p. 326, is to the same effect.

In the second place, most, if not all, of the matters of which petitioner complains are matters within the discretion of the warden of the Eastern State Penitentiary.

In Pennsylvania, the use of the writ of mandamus is described in the case of Kaufman Construction Co. v. Holcomb et al., 357 Pa. 514 (1947), 520, as follows:

"It is elementary that it can not be used to control the exercise of discretion or judgment on the part of a public official or an administrative or judicial tribunal; nor to review or compel the undoing of action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though, in fact, the decision rendered may have been wrong . . ."

We have not been able to find a Pennsylvania case dealing with alleged abuses of prisoners in prisons,

but we have examined the following Federal cases:

*Feyerchak v. Hiatt*, 7 Fed. Rules Decision 726 (M. D. Pa., 1948). Furnishing inmate of Federal penitentiary proper medical care or transferring him to medical center involved exercise of administrative discretion not within jurisdiction of Federal district court in independent proceedings in the nature of mandamus.

*Rothstein v. Hiatt*, 70 F. Supp. 867 (M. D. Pa. 1947). A routine search of prisoner's lockers by custodial force for removal therefrom of legal notes and other articles as were kept there by prisoners in violation of prison regulations involved administrative discretion of warden of penitentiary, and was not within jurisdiction of Federal district court on motion in nature of mandamus. Also, objected to, but without relief, was interference with prisoner's legal work.

*Sturm v. McGrath et al.*, 177 F. 2d 472 (Kans. 1949). The action of prison authorities in forfeiting good time allowance of an inmate of a penal institution is not open to review (judicial) prior to time inmate with time credit is entitled to be freed. A court does not have power in an action of this kind to superintend through mandamus or injunction processes the administrative conduct of a penitentiary or its discipline.

. . *Crites v. Hill*, Warden, 9 F. Supp. 975 (M. D. Pa., 1935). Petition for writ of mandamus to compel Federal penitentiary warden to change penitentiary records respecting petitioner's sentence must be dismissed as seeking writ not in aid of jurisdiction acquired by other process.

*Reilly v. Hiatt*, 63 F. Supp. 477 (M. D. Pa., 1945). Petition for injunction directing respondent to mail certain letters and prohibiting him from withholding future mail was denied. Court may not interfere with an administrative officer in a matter involving the

exercise of his discretion not in connection with any matter now pending in this court.

It is our opinion that petitioner should address his petition to the Secretary of Welfare of the Commonwealth and not to the courts.

We base our decision, however, upon the ground that we have no jurisdiction to entertain the petition.

And now, June 5, 1952, the petition is dismissed.