Commonwealth ex rel. Walden, Appellant, *v.*
Burke.

454

Argued October 3, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert H. Holland,* for appellant.

*Ernest L. Green, Jr.,* Assistant District Attorney, with him *Raymond R. Start,* District Attorney, and *J. Harold Hughes,* Assistant District Attorney, for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

One of the reasons assigned by the learned court below for denying appellant's petition for a writ of habeas corpus is that "The defendant had been before the Court on two prior occasions and had never raised this question"; i.e., that he had entered a plea of guilty to robbing a bank, without the benefit of counsel.

In *Commonwealth ex rel. Holly v. Claudy,* 171 Pa. Superior Ct. 340 (allocatur refused ibid. xxiv), 90 A. 2d 253 (certiorari denied by the Supreme Court of the United States), we approved of and adopted the following from the opinion of the learned president judge of the court below (p. 341) : " 'It does not seem reasonable that a defendant in the Penitentiary under sentence can assert additional reasons for a third writ, reasons which, if they are true, existed when the former petitions were presented and acted upon.' " But the Supreme Court of the United States has held that, while the denial of a prior petition for a writ of habeas corpus "is not without bearing or weight when a later *habeas corpus* application raising the same issues is considered," *Price v. Johnston,* 334 U. S. 266, 289, 68 S. Ct. 1049, 92 L. Ed. 1356, the principle of res judicata does not apply. And, since it appears that the failure

to appoint counsel was not raised at either of the prior hearings, we will consider the present petition on its merits.

The chief burden of petitioner's complaint is that when he pleaded guilty to the robbery charge on January 15, 1934, he was told by MACDADE, P. J., the sentencing judge, that, if he were furnished with official confirmation of the fact that petitioner had been sentenced by the Supreme Court of the District of Columbia to a term of imprisonment of from thirteen to fifteen years, he would make the sentence of eight to twenty years in the Eastern State Penitentiary, which he then imposed, concurrent with the sentence which the prisoner was then serving. On February 12, 1934, petitioner was taken back to the District of Columbia, and on August 28, 1934, was transferred to Alcatraz Island, California, where he served until January 11, 1940. He was then transferred to the Federal Penitentiary at Fort Leavenworth, Kansas, where he remained until December 10, 1942, when he was transferred to the Federal Penitentiary at Lewisburg, Pennsylvania, and subsequently to the Eastern State Penitentiary on December 11, 1942, to begin serving the sentence here complained of.

On February 5, 1944, petitioner escaped from the Eastern State Penitentiary, was apprehended, and on February 11, 1944, was sentenced by Judge GEORGE G. PARRY to serve an additional term of five to ten years for prison breach. On October 24, 1945, he was transferred to the Philadelphia County Prison and escaped from that institution on February 10, 1947. He was apprehended and on the following day was sentenced by Judge JOHN A. MAWHINNEY to serve an additional sentence of eight to sixteen years in the Eastern State Penitentiary for prison breach and armed robbery.

On September 28, 1951, the sentence by Judge MAC-DADE, referred to by relator as one of "alternative ambiguity," was changed by Judge SWENEY on the issuance of the first writ, after consultation with the other members of the court, to run concurrently with the federal sentence. But petitioner contends that since the original sentence was void ab initio, he should be discharged from confinement for having committed "some collateral offenses in the nature of prison breach." But even if the original sentence imposed by Judge MACDADE should be held to be invalid ab initio, relator would still have to institute proceedings in Philadelphia County before he could be discharged from custody on the sentences imposed for prison breach and armed robbery committed in that jurisdiction. He still has considerable time to serve for those crimes.

Petitioner places his chief reliance on *Townsend v. Burke*, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690. But in reversing the judgment of the Supreme Court of Pennsylvania the Court said (p. 739): "Only recently a majority of this Court reaffirmed that the due process clause of the Fourteenth Amendment does not prohibit a State from accepting a plea of guilty in a non-capital case from an uncounseled defendant. Bute v. Illinois, 333 U. S. 640. In that, and in earlier cases, we have indicated, however, that the disadvantage from absence of counsel, when aggravated by circumstances showing that it resulted in the prisoner actually being taken advantage of, or prejudiced, does make out a case of violation of due process." The Court held in the *Townsend* case that the defendant actually was prejudiced either by the prosecution's submission of misinformation regarding petitioner's prior criminal record or by the sentencing judge's careless misreading of that record, and was thereby denied due process of law.

In carrying out the mandate of the Supreme Court of the United States, our Supreme Court said in *Commonwealth ex rel. Townsend v. Burke,* 361 Pa. 35, 39, 63 A. 2d 77: "What invalidated the proceeding in the instant case was the improper conduct of the trial judge which consisted of his making facetious remarks, concerning the defendant's prospective penal servitude, in connection with the imposing of sentence, and of reading from a list containing five separate criminal charges against the defendant at former times when, actually, in three out of the five cited instances the charges had either been dismissed by the magistrate or the accused had been found not guilty."

In the instant case petitioner contends that he is entitled to be discharged because of the sentencing judge's "alternative ambiguity." The complaint is without merit. The probabilities are that if counsel had been appointed for the petitioner he would have furnished the Delaware County judge with confirmation of the petitioner's statement that he was serving a thirteen to fifteen year sentence in the District of Columbia; but the petitioner himself had ample time after he had been taken back to Washington and before he was sent to Alcatraz to have furnished the court with that confirmation.

But granting that the Delaware County sentence should have been computed from August 22, 1933, the date when the federal sentence was imposed, instead of from January 15, 1934, the date when the Delaware County sentence was imposed, the error, if any, was corrected by Judge SWENEY September 28, 1951, before the expiration of the maximum sentence of twenty years, which is the real sentence. See *Commonwealth ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256 (allocatur refused ibid. xxvi), 82 A. 2d

337, certiorari denied, 342 U. S. 898, 72 S. Ct. 233, 96 L. Ed. 673.

Order affirmed.