## Commonwealth ex rel. Walden v. Brown (No. 2)

*Hon. Frank P. Lawley, Jr.*, for defendant.

SOHN, J., May 11, 1953.—Petitioner, a prisoner in the Eastern State Penitentiary, has belabored this court with numerous petitions complaining of his treatment within that institution. He has forwarded by mail a "Petition for Court Precept", "Petition for Writ of Mandamus", "Petition for Order of Restraint", and a supplement thereto, "Petition for Copy of Records", and a "Petition for Writ of Habeas Corpus ad Testificandum". This opinion is intended to cover and dispose of all these petitions.

Petitioner's conflicts with the law may be found in Commonwealth ex rel. Walden v. Burke, 172 Pa. Superior Ct. 453 (1953), wherein the Superior Court affirmed the dismissal by the Court of Common Pleas of Delaware County, of what was apparently a third application by Walden, for a writ of habeas corpus.*

The same basic facts here raised were before us on a petition for writ of habeas corpus filed on February 21, 1952. We dismissed that petition for lack of jurisdiction: Walden Ex Parte, 62 Dauph. 293 (1952).

Thereafter, petitioner filed a petition for mandamus in Montgomery County, complaining of his treatment within the penitentiary. This petition was dismissed by President Judge Knight of that county on jurisdictional grounds. See Walden v. Brown, Secretary of Welfare, 83 D. & C. 407.

Petitioner now alleges that he was refused the right of religious worship and that he was confined in a punishment cell. He complains of beatings, odors and lice; also, that he was deprived of food and medical treatment; denied exercise and fresh air; compelled to serve time in the same cell block with homosexuals; forced to wear cast-off clothing; denied the right to

---

* The questions raised in that processing were not the same as are now before us, and we do not base our determination here on that opinion.

register to vote, and was forced to confer with an attorney in the presence of a guard.

Most, if not all, matters complained of are within the discretion of the warden of the Eastern State Penitentiary. In recent months this court has repeatedly stated that mandamus may not be used to control the exercise of discretion or judgment on the part of a public official or an administrative tribunal. See Commonwealth ex rel. Kuczynski v. Pa. Bd. of Parole, 63 Dauph. 267; Commonwealth ex rel. Atkins v. Pa. Bd. of Parole, 63 Dauph. 239; Commonwealth ex rel. Levandosky v. Pa. Bd. of Parole, Commonwealth dkt., 1952, no. 118 (December 1, 1952).

We have been unable to find a Pennsylvania case dealing with alleged abuses of prisoners in prisons. However, we have examined the authorities in other jurisdictions and conclude that this court does not have power in an action of this kind to superintend through mandamus or other form of action, the administrative conduct of a penitentiary or its discipline: Feyerchak v. Hiatt, 7 Fed. Rules Decisions 726 (Pa., M. D., 1948) ; Rothstein v. Hiatt, 70 F. Supp. 867 (Pa., M. D., 1947) ; Strum v. McGrath et al., 177 F. 2d 472, Kansas (1949) ; Crites v. Hill, Warden, 9 F. Supp. 975 (Pa., M. D., 1935) ; Reilly v. Hiatt, 63 F. Supp. 477 (Pa., M. D., 1945) ; Piccoli v. Board of Trustees and Warden of State Prison, 87 F. Supp. 672 (1949) ; cf. Warfield v. Raymond, 195 Md. 711, 71 A. 2d 870 (1950).

The Pennsylvania appellate courts have said that the courts will not interfere with matters of penal administration: Commonwealth ex rel. Biglow v. Ashe, Warden et al., 348 Pa. 409; Commonwealth ex rel. DiCamillo v. Burke, 172 Pa. Superior Ct. 10. These are but matters of penal administration.

As to petitioner's complaint that he was deprived of the right to register to vote, it is sufficient to state that no such right exists, if for no other reason, be-

cause he does not, by reason of his incarceration, acquire the "residence" required by our election laws.

Finally, as to his complaint that he was forced to confer with his attorney in the presence of a guard, this is but good prison practice. See Laughlin v. Cummings, 105 F. 2d 71; 72 C. J. S. 875, Prisons, §18(f). For these reasons, the petitions above referred to must be dismissed.

### Order

And now, May 11, 1953, all of the petitions herein described and filed are hereby dismissed. It is further ordered that a copy of this opinion and order be sent to petitioner in the Eastern State Penitentiary.