## Mahaffey v. Day, Warden

*Leonard Mahaffey*, pp., for plaintiff.

*Herbert B. Cohen*, Attorney General, and *Frank P. Lawley, Jr.*, Deputy Attorney General, for defendant.

SOHN, J., May 2, 1955.—This case comes before us on a petition for a writ of mandamus asking that we direct Charles G. Day, warden of the State Penitentiary at Graterford, Pa., to transfer petitioner to the Eastern State Penitentiary at Philadelphia, Pa., in order that he may obtain what he claims to be better medical attention in the latter institution.

The petition in substance sets forth that he was originally sentenced to the Eastern State Penitentiary, at Philadelphia, Pa., and later transferred to Graterford. Petitioner says:

"Approximately June the 20th of 1954; Petitioner started having great pains around his Abdorman [spelling petitioner's]. Four days later Petitioner was admitted to the hospital for internal bleeding and Ulcers.

"Your Petitioner was then sent to the Eastern State Penitentiary Philadelphia, Pennsylvania where there are facilities available for such treatment: Petitioner was transferred back to State Penitentiary at Graterford, Pennsylvania on October 28th 1954: Since than Petitioner has been admitted in the Hospital several

times, without any permanent operation a treatment being performed; Petitioner has constant internal pains about his Abdorman. There are no facilities available to the Institution to perform such an operation. Therefore Petitioner asks that he be transferred to an institution where such facilities are available that he may have some relief from pain."

The Attorney General of the Commonwealth of Pennsylvania has filed a preliminary objection in the form of a demurrer, in which he avers:

"1. The plaintiff's complaint does not state a valid cause of action."

We feel that the matter complained about herein is within the discretion of the warden of the penitentiary at Graterford. In Commonwealth ex rel. Walden v. Brown, Secy. of Welfare, 85 D. & C. 581, 583, we said:

"We have been unable to find a Pennsylvania case dealing with alleged abuses of prisoners in prisons. However, we have examined the authorities in other jurisdictions and conclude that this court does not have power in an action of this kind to superintend through mandamus or other form of action, the administrative conduct of a penitentiary or its discipline: Feyerchak v. Hiatt, 7 Fed. Rules Decisions 726 (Pa., M. D., 1948); Rothstein v. Hiatt, 70 F. Supp. 867 (Pa., M. D. 1947); Strum v. McGrath et al., Warden, 177 F. 2d 472 (Kansas 1949); Crites v. Hill et al., Warden, 9 F. Supp. 975 (Pa., M. D., 1935); Reilly v. Hiatt, 63 F. Supp. 477 (Pa., M. D., 1945); Piccoli v. Board of Trustees and Warden of State Prison, 87 F. Supp. 672 (1949); cf., Warfield v. Raymond, 195 Md. 711, 71 A. 2d 870 (1950).

"The Pennsylvania appellate courts have said that the courts will not interfere with matters of penal administration: Commonwealth ex rel. Biglow v. Ashe, Warden, et al., 348 Pa. 409; Commonwealth ex rel.

DiCamillo v. Burke, 172 Pa. Superior Ct. 10. These are but matters of penal administration."

We must agree with the Attorney General that petitioner does not state a valid cause of action. In view of what we have said in the Walden case, we make the following

*Order*

And now, May 2, 1955, the petition for a writ of mandamus herein filed is hereby dismissed. It is further directed that a copy of this opinion be forwarded to petitioner, in care of the penitentiary at Graterford, Pa., as well as one to Charles G. Day, Warden of the State Penitentiary at Graterford, Pa., and also that a copy be forwarded to the Attorney General of the Commonwealth of Pennsylvania.