**UNITED STATES ex rel. Dewey McDade THOMPSON, Jr., Petitioner,**

v.

**Edward M. FAY, Warden, Green Haven Prison, Respondent.**

United States District Court
S. D. New York.

Sept. 27, 1961.

No attorneys.

MacMAHON, District Judge.

This is a petition for a writ of habeas corpus and for equitable relief under the Civil Rights Act, 42 U.S.C.A. § 1983.

Petitioner is incarcerated in Green Haven Prison, Stormville, N. Y., where he is serving a term of forty years to life. Sentence was imposed in 1941 by the Court of General Sessions, New York County, upon petitioner's plea of guilty to second degree murder.

The petition alleges that a proceeding for a reduction of sentence on the ground of petitioner's inadequate representation by court appointed counsel is now pending in the Appellate Courts of the State of New York. Petitioner complains here that the prison authorities

have withheld a letter addressed to the United States Attorney General's Committee on Poverty and the Administration of Federal Criminal Justice asking for advice in connection with his pending state court proceeding. The pendency of state proceedings requires denial of the application insofar as it seeks a writ of habeas corpus for failure to show exhaustion of state remedies. 28 U.S. C.A. § 2254.

The question remains as to whether the petition states a claim for relief under the Civil Rights Act. Under that Act, a federal court may use its equity powers to grant relief where a petition shows that a person acting under color of law of any state subjects any person within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws * * *." 42 U.S.C.A. § 1983.

■■ Prisoners lawfully confined to state penitentiaries have no absolute right to the use of the mails. As with many civil rights and privileges, this one yields to the internal discipline of a large prison. Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; Adams v. Ellis, 5 Cir., 1952, 197 F.2d 483, 485; Numer v. Miller, 9 Cir., 1948, 165 F.2d 986; Gerrish v. State of Maine, D.C.S.D. Me.1950, 89 F.Supp. 244, 246; Reilly v. Hiatt, D.C.M.D.Pa.1945, 63 F.Supp. 477. Thus, the mere withholding of petitioner's letter by prison authorities is not a violation per se of any federal right. Nor is there any showing that the subject of the letter is of such a nature as to call for the exercise of equity powers to interfere with the administration of a state penitentiary.

This is not a case where prison authorities have interfered with an inmate's access to counsel or to the courts, as in Bailleaux v. Holmes, D.C.Or.1959, 177 F.Supp. 361, 364. Nor are we concerned here with the deprivation of any constitutional right, such as freedom of religion, as in Pierce v. LaVallee, 2 Cir., 1961, 293 F.2d 233. All that petitioner shows is that the Warden withheld a letter to a committee charged only with studying the difficulties of indigent defendants accused of federal crimes. See New York Law Journal, July 13, 1961, page 1, column 5. It does not appear that the committee renders legal aid to particular defendants and, in any event, its survey is confined to indigents charged with federal crimes. Thus, the subject matter of the letter is not protected by any constitutional or other federal right. The petition, therefore, fails to state a claim under the Civil Rights Act.

Accordingly, the petition for a writ of habeas corpus and for equitable relief under the Civil Rights Act is denied. So ordered.