Edgar **LABAT**, Appellant,

v.

The Honorable John J. **McKEITHEN**,
Governor of the State of Louisiana,
et al., Appellees.

No. 22937.

United States Court of Appeals
Fifth Circuit.

June 10, 1966.

Benjamin E. Smith, New Orleans, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., Thomas W. McFerrin, Frank L. Dobson, Asst. Attys. Gen., Carroll Buck, First Asst. Atty. Gen., for appellees.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

THORNBERRY, Circuit Judge.

Appellant, a prisoner on death row in the Louisiana State Penitentiary, filed suit in the district court seeking injunctive relief under 42 U.S.C. §§ 1983 and 1985(3). The essence of his complaint was that his constitutional rights have been violated in that he has been denied the privilege of corresponding through the United States mails with any and all persons of his choice as a result of an opinion rendered by the Attorney General of Louisiana to the officials of the Louisiana State Penitentiary. The opinion contained the Attorney General's construction of LSA–R.S. 15:568, which reads as follows:

"The warden of the Louisiana State Penitentiary at Angola, or a competent person selected by him, shall execute the criminal in conformity with the death warrant issued in the case. Until the time of his execution, the convict shall be kept in solitary confinement at the Louisiana State Penitentiary at Angola and *no one shall be allowed access to him without an order of the court except the officers of the prison, his counsel, his physician, his*

*spiritual adviser, his wife, children, father, mother, brothers and sisters."* (Emphasis added.)

The Attorney General's opinion construed the clause, "no one shall be allowed access to him," as including the act of corresponding in writing with the prisoner. It is undisputed that appellant has never sought a court order permitting him to correspond with persons other than those named in the statute, and it is stipulated that neither appellant nor any of the other inmates on death row have ever been denied access in any form to any of the persons designated in the statute.

We believe that the construction placed upon the statute by the Attorney General of Louisiana is a reasonable one, and we accordingly hold that the district court was correct in denying the relief sought. As pointed out by the district court, the statute in question is non-discriminatory on its face and is being applied to all death row inmates in a non-discriminatory manner. "Control of the mail to and from inmates is an essential adjunct of prison administration and the maintenance of order within the prison." McCloskey v. State of Maryland, 4th Cir. 1964, 337 F.2d 72, 74. See also Adams v. Ellis, 5th Cir. 1952, 197 F.2d 483, 485; Lee v. Tahash, 8th Cir. 1965, 352 F.2d 970. Thus the limitation of which appellant complains falls within the scope of the following language by the Supreme Court: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 1948, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356. Nor can we accept appellant's argument that he, as a death row inmate, is entitled to the same privileges as the ordinary prisoner.

The judgment is affirmed.

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.