SACK, Judge.
Appellant seeks reversal of an order denying his petition for a writ of habeas corpus. While incarcerated in the state prison at Raiford, Florida, he presented a complaint, addressed to Attorney General Nicholas Katzenbach, to a prison official and asked that it be forwarded by “certified mail — return receipt requested.” The official refused but advised the prisoner that he would give assurance that the document had been mailed. Appellant objected that this would not constitute positive proof of service and subsequently filed a petition for writ of habeas corpus which was denied.
Appellant contends that he has been prohibited from properly forwarding legal documents in compliance with Rule 4, Federal Rules Civil Procedure, in violation of his rights under the Fourteenth Amendment to the United States Constitution.
It is well established that prisoners lawfully confined to state penitentiaries may be subjected to reasonable internal discipline concerning the use of the mails. Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965); United States ex rel. Thompson v. Fay, 197 F.Supp. 855 (S.D.N.Y.1961). However, we do not reach the question of the reasonableness of the prison official’s action in this case.
Even assuming, arguendo, that the refusal to forward prisoner’s complaint by “certified mail- — return receipt requested” was improper, the writ was properly denied. A writ of habeas corpus cannot issue if the petitioner is not entitled to immediate release from his confinement. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1940); Warfield v. Raymond, 195 Md. 711, 71 A.2d 870 (1950).
*54 Petitioner, appellant here, having failed to establish that he is being unlawfully confined, the order below is affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.