Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, et al., Appellants,

v.

Willis G. **COONTS**, Appellee.

No. 26129.

United States Court of Appeals
Fifth Circuit.

March 25, 1969.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellants.

Richard B. Austin, Jacksonville, Fla., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Petitioner is an inmate in a Florida prison. He was transferred to the maximum security section of the Raiford State Penitentiary and placed in solitary confinement for violation of a prison regulation prohibiting prisoners from assisting other inmates in the preparation of writs and legal papers. Petitioner filed a petition in the United States District Court for the Middle District of Florida in which he attacked the validity of the prison regulation and sought an order requiring law books to be furnished to the prisoners. Pursuant to petitioner's request for release from solitary confinement, the District Court treated this petition as a petition for habeas corpus. After a hearing, the District Court ordered that petitioner be released from solitary confinement and declared the prison regulation void because it barred prisoners from access to the courts.

The State appeals, arguing that the regulation is justified by the interest of the State in preserving prison discipline and in policing the unauthorized practice of law. This position is plainly foreclosed by the recent decision of the United States Supreme Court in Johnson v. Avery, Feb. 24, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, where the Court held that "unless and until the

---

4. Summers v. Looker, 231 F.Supp. 513 (N.D.W.Va.–1964).

**1338**

State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation * * * barring inmates from furnishing such assistance to other prisoners." 393 U.S. at 490, 89 S.Ct. at 751.

Florida has not demonstrated that it provides an available alternative to the assistance provided by other inmates. The State, however, attempts to distinguish Johnson v. Avery, *supra*, on the ground that the Tennessee prison regulation at issue there placed an absolute ban on prisoner assistance, whereas the Florida regulation before us allows such assistance to be provided to illiterate inmates. Concededly, illiterates are likely to be among those most in need of help, and the exception made by the Florida regulation in such instances is desirable. But we cannot agree that illiterates, either total or functional, are the only inmates in need of assistance in the preparation of petitions for post-conviction relief. It is apparent, and we will not belabor the point, that a high percentage of inmates who are literate but "whose educational attainments are slight, and whose intelligence is limited," Johnson v. Avery, *supra* at 487, 89 S.Ct. at 750, may be entirely incapable of pursuing their post-conviction remedies without the assistance of a third person. As the Supreme Court stated:

> [T]he initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system. In the case of all except those who are able to help themselves—usually a few old hands or exceptionally gifted prisoners—the prisoner is, in effect, denied access to the courts unless such help is available.

Johnson v. Avery, *supra* at 487, 89 S.Ct. at 750.

Accordingly, the judgment of the District Court is hereby in all respects affirmed.