Jack Edwin **LEEPER**, Jr., Petitioner,

v.

**A. A. BIRZGALIS, M.D., Med. Supt., and Administrative Officials of the Ionia State Hospital, et al., Respondents.**

Jack Edwin **LEEPER**, Jr., Petitioner,

v.

**A. A. BIRZGALIS, M.D., Med. Supt., and Elmer King, Charge Attendant, Ionia State Hospital, et al., Respondents.**

**Civ. A. Nos. 6085, 6159.**

United States District Court, W. D. Michigan, S. D.

Oct. 23, 1969.

Jack Edwin Leeper, Jr., in pro. per.

J. Ronald Kaplansky, Asst. Atty. Gen., Lansing, Mich., for defendant.

ORDER

FOX, District Judge.

Petitioner, Jack Edwin Leeper, Jr., seeks the intervention of this court with respect to alleged violations of his civil and constitutional rights arising out of his confinement in Ionia State Hospital.

Petitioner has filed two actions dealing with his rights while incarcerated in Ionia. In No. 6085, he claims that his mail is being opened by hospital officials and the contents examined, and that some of his outgoing mail is delayed. In No. 6159, he complains of lack of a typewriter for preparing legal papers, and requests the court to order hospital authorities to allow prisoners in his ward to possess such equipment which is sent to them from outsiders. Petitioner claims the above actions interfere with his pursuing his legal remedies.

■ Petitioner is confined as a criminal sexual psychopath. It is within the discretion of hospital authorities to maintain rules to insure appropriate discipline and treatment in their institution. However, they may not unduly interfere with a prisoner's pursuit of post-conviction or habeas corpus relief. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

The court cannot agree that the actions of hospital authorities outlined by plaintiff are so restrictive of his guarantee of access to the judicial process to require intervention at this time.

■ The pleadings initiating one of these actions, handwritten and quite well done, convince the court that the lack of a typewriter is not a serious obstacle to this petitioner. In addition, hospital officials may well decide that to allow such equipment in petitioner's particular ward might pose an unwarranted danger to patients or employees.

■ With respect to censorship of petitioner's mail, the court finds that such

action is within the scope of proper disciplinary and security measures. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); United States ex rel. Thompson v. Fay, 197 F.Supp. 855 (D.C.N.Y.1961); Desmond v. Blackwell, 235 F.Supp. 246 (D.C.Pa.1964).

For the above reasons the court finds that petitioner has been accorded all rights to which he was entitled consistent with proper administration by hospital authorities. Petitioner's actions are hereby dismissed.

It is so ordered.