**Gene Melvin JONES, acting on behalf of the Raiford Record and the Penal Digest International, as a member of the editorial staffs of these publications and as a duly elected representative of the Inmate Council of Florida State Prison, Plaintiff,**

v.

**W. F. ROUSE, individually, and as Supervisor of Education, Florida State Prison —and/or, any agent of the Florida Division of Corrections, Defendant.**

No. 71–552–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

May 8, 1972.

Gene Melvin Jones, pro se.

Robert L. Shevin, Atty. Gen., State of Florida, Tallahassee, Fla., for defendant.

## ORDER

TJOFLAT, District Judge.

This case comes before the Court on Mandate from the Fifth Circuit Court of Appeals, 457 F.2d 1318, to consider plaintiff's complaint in the light of Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 595, 30 L.Ed.2d 652.

The *Haines* case involved a state prisoner's *pro se* complaint under Title 42, United States Code, Section 1983. In that case plaintiff alleged generally that he had been placed in disciplinary confinement without a due process hearing and that, while in such confinement, he had suffered physical injuries. The District Court granted defendant's motion to dismiss under Rule 12(b) (6), Federal Rules of Civil Procedure, stating that only under exceptional circumstances should courts inquire into the internal operation of state penitentiaries, and concluding that the plaintiff had failed to show a deprivation of federally protected rights. The Court of Appeals affirmed. The Supreme Court reversed holding that "[w]hatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." *Id.* at 595.

■ *Haines* does not overturn the well settled proposition of law that Federal courts should interfere with the internal operation of state prisons only in cases involving exceptional circumstances. [For proof of the firmness of this latter proposition, *see, e. g.,* Conklin v. Wainwright, 424 F.2d 516 (5th Cir. 1970); Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1969); Roy v. Wainwright, 418 F.2d 231 (5th Cir. 1969); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969)]. Indeed the Court expressly avoided passing judgment on this proposition (see the quoted excerpt from Haines v. Kerner, above). Instead, in *Haines,* the Court held only that the allegations of the complaint therein stated a Federal claim under Section 1983, providing plaintiff could prove they were true, and that it is error to dismiss such a complaint under Rule 12(b) (6).

■ The allegations of the plaintiff's complaint in the case at hand are in no way similar to those made in Haines v. Kerner, *supra.* They must be judged upon their own merits. Only if this

complaint alleges such exceptional circumstances as to give rise to a Federal claim must the Court grant this plaintiff the right to present evidence in support of his claim, as was done in *Haines*. We find that no such circumstances have been alleged. The gravamen of plaintiff's complaint is that he is not allowed to publish articles in the Raiford Record, a prison magazine, or in the Penal Digest International, an "outside" periodical published in Iowa City, Iowa, without the articles first being subjected to the censorship of the defendant. He further complains of defendant's interference with his private mail.

 The determination of which prisoner-penned articles will be circulated throughout the prison population via an inmate periodical is clearly a matter of prison administration within the discretion of state authorities. In only one situation have the higher Federal courts, to which this Court must answer, recognized a constitutional limitation on the right of prison administrators to dictate the boundaries of prisoner communication: where a prisoner's right of access to the courts is unconstitutionally impaired by a prohibition against communication about legal matters. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Wainwright v. Coonts, 409 F.2d 1337 (5th Cir. 1969). Plaintiff makes no such allegation here.

Plaintiff's contention that his articles to an outside periodical have been illegally censored is dispelled by the holding in Theriault v. Blackwell, 437 F.2d 76 (5th Cir. 1970), cert. denied 402 U.S. 953, 91 S.Ct. 1637, 29 L.Ed.2d 122 (1971):

> In a supplemental petition the appellant complained that prison officials refused to mail a letter and a copy of a brief he wrote, to the editor of a newspaper. The letter allegedly was destroyed and the brief was returned to the appellant. As the district court held, such letters are not "legal correspondence" but are subject to the prison regulations which govern mailing lists, approved correspondents,

and other such matters. See Schack v. Wainwright, 391 F.2d 608 (5th Cir. 1968) cert. denied, 392 U.S. 915, 88 S.Ct. 2078, 20 L.Ed.2d 1375, and cases there cited.

*Id.* at 77. [For a different result, see Nolan v. Fitzpatrick, 451 F.2d 545 (1st Cir. 1971)].

 Finally, it is well settled that plaintiff's complaint of interference with his private mail has no merit. Adams v. Ellis, 197 F.2d 483 (5th Cir. 1952); Labat v. McKeithen, 361 F.2d 757 (5th Cir. 1966); Schack v. Wainwright, 391 F.2d 608 (5th Cir.) cert. denied, 392 U.S. 915, 88 S.Ct. 2078, 20 L.Ed.2d 1375 (1968); Brown v. Wainwright, 419 F.2d 1308 (5th Cir. 1969); Theriault v. Blackwell, 437 F.2d 76 (5th Cir. 1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1637, 29 L.Ed.2d 122 (1971).

In view of the above legal analysis of plaintiff's claims, this Court finds that, even assuming *arguendo* that plaintiff's allegations are true, plaintiff has failed to state a Federal cause of action. It is, therefore

Ordered that this case is dismissed.