ANDREWS, Judge.
This is an appeal by the defendant, Leon G. Schack, from a judgment of guilty of grand larceny entered pursuant to a jury verdict.
On February 26, 1962, a second amended information was filed against the defendant charging him with having stolen $4,700 with the intent to deprive or defraud the true owner of his property. During the *581 course of a lengthy trial, evidence was introduced tending to show that defendant induced Henry Weigel to invest $4,700 by representing to him that the investment would be secured by a mortgage on a house and lot with an estimated value in excess of $7,000. In fact, the mortgage was on another lot occupied by a '‘shell” house with a value of only $1,650.
The court has carefully reviewed the record on appeal including the transcribed testimony and instructions to the jury bound in eight separate volumes, legal size paper, containing a total of 1485 pages. The court has also reviewed the numerous petitions and correspondence file of letters from the petitioner received by the court during the pendency of this appeal. From such review and consideration the court finds that the record conclusively substantiates that the defendant was guilty of grand larceny as charged beyond and to the exclusion of a reasonable doubt.
The only serious question presented by this appeal concerns the propriety of the introduction of evidence of collateral crimes and activities of the defendant similar to that in the instant case. The similar fact rule is set out in Williams v. State, Fla. 1959, 110 So.2d 654. Evidence that is relevant to any material issue is admissible unless the sole relevancy is to the character of the accused or his propensity toward crime. This is true notwithstanding that the evidence points to the commission of a crime not charged in the information. Applying this rule to the instant case, it is obvious that the evidence was relevant to indicate a design, plan or scheme as well as having probative value in establishing an intent to defraud. In addition, the trial court carefully instructed the jury as to the purposes for which this evidence could be considered.
We have carefully considered all other points raised by the defendant and find them to be without merit.
Subsequent to judgment defendant was sentenced on January 3, 1964, to five years imprisonment. On March 23, 1964, defendant filed a notice of appeal. On August 7, 1964, he was found to be insolvent. On April 13, 1965, the court appointed Edward W. Starr as Special Assistant Public Defender to represent defendant in this appeal. Starr had been defendant’s counsel in the trial court.
Starr failed to exhibit diligence in prosecuting the appeal in that assignments of error were not filed until June 16, 1966, and his brief was not filed until March 13, 1967. Oral argument was finally heard on June 6, 1967. Defendant filed numerous petitions in proper person bringing these facts to the attention of the court. At the suggestion of this court the Attorney General filed a petition for rule to show cause why the court-appointed counsel should not be held in contempt. After hearing, the trial court found Starr in contempt and fined him $250.00
Although defendant’s counsel was dilatory and caused unnecessary delay in prosecuting this appeal, we find that such delay was not prejudicial to defendant’s interests. At the same time he was sentenced in the instant case, defendant also received a two-and-one-half-year sentence in each of two other cases involving the use of a fictitious name in acquiring automobile title certificates. These convictions were affirmed by this court in Schack v. State, Fla.App.1967, 199 So.2d 129. All three sentences were to run consecutively. Consequently, defendant has not yet begun to serve the five-year sentence and was not prejudiced by the delay caused by counsel’s want of diligence.
During the pendency of this appeal the defendant filed motions for post conviction relief in the trial court. These motions were denied and appealed to this court. The appeals were dismissed inasmuch as all the matters set forth therein were considered as a part of the appeal from the original conviction. Schack v. State, Fla. *582 App.1967, 200 So.2d 281. In addition the defendant has filed six motions seeking various types of relief during the pendency of this appeal, all of which have been reviewed, and orders denying the same are entered simultaneously with the filing of this opinion. It also appears that the defendant has sought relief from the same judgments being considered by this court by petition for mandamus in the Circuit Court of Bradford County. The denial of relief was affirmed by the Supreme Court of Florida, Fla.1967, 194 So.2d 53.
The petitioner also was denied habeas corpus in the Supreme Court of Florida in September 1966. Schack v. State of Florida, Fla.1966, 192 So.2d 492.
It also appears that the defendant filed six petitions for review of his conviction in the Supreme Court of the United States during the October term 1965. Schack v. Florida, 1965, 382 U.S. 804, 86 S.Ct. 148, 15 L.Ed.2d 112; Schack v. Florida, 1966, 382 U.S. 1016, 86 S.Ct. 629, 15 L.Ed.2d 530; Schack v. Simpson, Judge, 1966, 383 U.S. 904, 86 S.Ct. 916, 15 L.Ed.2d 678; Schack v. Roberts, Clerk, 1966, 383 U.S. 904, 86 S.Ct. 921, 15 L.Ed.2d 678; Schack v. Florida, 1966, 383 U.S. 964, 86 S.Ct. 1283, 16 L.Ed.2d 312; Schack v. Bogart, Clerk, 1966, 384 U.S. 984, 86 S.Ct. 1892, 16 L.Ed. 2d 1011.
During the October term 1966 the defendant has filed nine petitions for relief in the Supreme Court of the United States. Schack v. Florida, 1966, 385 U.S. 187, 87 S.Ct. 186, 17 L.Ed.2d 115; Schack v. Meadows, 1966, 385 U.S. 896, 87 S.Ct. 219, 17 L.Ed.2d 141; Schack v. Florida, 1967, 386 U.S. 904, 87 S.Ct. 878, 17 L.Ed.2d 802; Schack v. Katzenbach, 1967, 386 U.S. 967, 87 S.Ct. 1052, 18 L.Ed.2d 121; Schack v. Hoover, 1967, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138; Schack v. Florida, 1967, 386 U.S. 1027, 87 S.Ct. 1387, 18 L.Ed.2d 469; Schack v. Attorney General of the United States, 1967, 386 U.S. 1042, 87 S.Ct. 1489, 18 L.Ed.2d 613; Schack v. Clark, 1967, 386 U.S. 1042, 87 S.Ct. 1490, 18 L.Ed.2d 613; Schack v. Florida, 1967, 387 U.S. 926, 87 S.Ct. 2046, 18 L.Ed.2d 983.
A review of the record in this case conclusively shows that the defendant has been given a fair and impartial trial before a jury of his peers; that his conviction has been carefully reviewed on appeal and that all of the rights guaranteed by the Constitution of Florida and of the United States have been afforded the defendant. Under such circumstances it would appear that the obligation of the defendant to society for transgression of its laws should be paid.
Affirmed.
WALDEN, C. J.,' concurs.