**Leon G. SCHACK, Petitioner-Appellant,**

v.

**Edward W. STARR, Special Assistant Public Defender, Respondent-Appellee.**

**No. 30819**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 1, 1971.

Leon G. Schack, pro se.

Edward W. Starr, West Palm Beach, Fla., James Matthews, Miami, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Leon G. Schack has appealed from the district court's dismissal with prejudice of his Civil Rights Act [1] damage suit against his former court-appointed counsel in state criminal proceedings. We affirm the ruling below.

The district court held a pre-trial evidentiary hearing at which only one witness was called, Appellee Starr. The appellant did not testify nor offer any other evidence in support of his contentions.

The gist of appellant's complaint is that Attorney Starr unconscionably delayed final adjudication of his direct criminal appeals by failing to timely file the briefs. The appeals ultimately were affirmed after full appellate review. Schack v. State, Fla.App.1967, 199 So.2d 129; Schack v. State, Fla.App.1967, 201 So.2d 580.

---

*  Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. 42 U.S.C. § 1983.

The district court ordered dismissal of the appeal on two grounds: (1) that the appellant "cannot establish, beyond mere speculation, that he suffered any damage as a result of the delays allegedly attributable to the defendant;" and (2) that the defendant-appellee, as a duly appointed state officer, is immune from suit regarding matters relating to his official duties.

Since we agree with the former holding we need not, and do not now decide whether court-appointed counsel has complete immunity from suit under the Civil Rights Act. Cf. Mulligan v. Schlachter, 6th Cir. 1968, 389 F.2d 231; Vance v. Robinson, W.D.N.C.1968, 292 F.Supp. 786. We find no merit in the appellant's contention that the proceedings below lacked fundamental fairness.

The district court's dismissal of the appellant's complaint is affirmed.

Affirmed.